267 So.2d 54 (1972)
Howard SLIGAR and Georgia Lee Sligar, His Wife, Petitioners,
v.
Joseph B. TUCKER, M.D., et al., Respondents.
No. 72-342.
District Court of Appeal of Florida, Fourth District.
September 12, 1972.
Supplemental Opinion September 29, 1972.
Rehearing Denied October 17, 1972.
Bruce S. Bullock of Marks Gray Conroy & Gibbs, Jacksonville, for respondents  Tucker, Sowell and Gold Reeves Vann & White.
Charles A. Hayes of Preddy Haddad Kutner & Hardy, Miami, for respondent  Indian River County Hospital District.
OWEN, Judge.
By petition for writ of certiorari the plaintiffs (in a negligence action against a hospital and certain physicians) seek review of an order denying the plaintiffs' motion for production, inspection and copying of certain reports.
The evidence shows that the reports which plaintiffs sought to have produced were those which the several defendants made to their respective liability *55 insurers. There is no question but that the reports concerned an event which foreseeably could be (and in fact subsequently was) made the basis of a claim covered by the respective insurance policies of the hospital and the physicians, and there is no question but that such reports were submitted at the request of the respective insurers, for use in connection with the anticipated settlement or defense of the claim if and when it materialized. As such, these several reports were privileged and not subject to discovery. Vann v. State, Fla. 1956, 85 So.2d 133 and cases cited therein. See also Grand Union Co. v. Patrick, Fla. App. 1971, 247 So.2d 474.
Petitioners contend vigorously that since the hospital routinely required an "incident report" to be made and submitted by its personnel whenever any untoward event occurred in regard to patient care, such "incident report" became a part of the hospital's business records under F.S. Section 92.36, F.S.A., and hence discoverable. The only evidence pertaining to the hospital's obtaining such incident report comes from the deposition of the hospital administrator. This witness made it clear that the so-called "incident report" was a standard form provided by its liability insurer, that such reports were processed routinely by the several department heads or staff of the hospital in any situation where it appeared to them that there might be possible action or liability, and that such reports were then routinely submitted to the administrator who in turn forwarded the same to the liability insurer. Thus, it appears that factually such "incident reports" are not a part of the hospital business records as contemplated by F.S. Section 92.36, F.S.A., but even if they were, they would nonetheless retain their privileged status under the rationale of Vann v. State, supra.
It appearing that the trial court did not depart from the essential requirements of law in denying petitioners' motion for an order requiring the production, inspection and copying of the above-described reports, the petition for writ of certiorari is denied.
Certiorari denied.
WALDEN and CROSS, JJ., concur.

SUPPLEMENTAL OPINION
It having been brought to the court's attention that the name of counsel for petitioners was through inadvertence omitted from the opinion and decision of this court filed September 12, 1972, as a consequence of which neither petitioners nor their counsel were timely notified of the filing of the opinion nor furnished with copy thereof, it is upon consideration thereof
Ordered, upon the court's own motion pursuant to Rule 3.14(a) F.A.R., 32 F.S.A., that the time for filing petition for rehearing is extended to and including Monday, October 9, 1972, and pursuant to Rule 3.15(a), F.A.R. the time for issuance of the mandate of this court is hereby extended until October 10, 1972, unless petition for rehearing shall be filed prior to that time in which event the mandate shall issue in accordance with Rule 3.15(b), F.A.R.