390 So.2d 133 (1980)
FLORIDA POWER & LIGHT COMPANY, Petitioner,
v.
Wayne LIMEBURNER, Reggie Bennett, Robert Greer, D/B/a Holiday Plaza Mobile Home Park, and Avanti Research and Development, Inc., a Foreign Corporation Doing Business in the State of Florida, Respondents.
No. 80-937.
District Court of Appeal of Florida, Fourth District.
November 12, 1980.
Marjorie D. Gadarian of Jones & Foster, P.A., West Palm Beach, for petitioner.
Richard L. Martens of Boose, Ciklin & Martens, and Larry Klein, West Palm Beach, for respondent, Limeburner.
PER CURIAM.
This is a petition for common law certiorari seeking to review an order entered by the trial court on a discovery issue in a personal injury action. Through discovery efforts, plaintiff secured from defendant a *134 list of twenty-seven similar accidents within a period of three years preceding the accident in question. This list of twenty-seven similar accidents was voluntarily produced by defendant and included dates, names, and addresses. Thereafter, plaintiff sought production of personal injury accident reports prepared by the defendant corporation regarding each accident. Defendant objected to this discovery urging that the reports were work product prepared in anticipation of litigation and that the facts in the reports were available to the plaintiff. The Circuit Court ordered that the reports be turned over to plaintiff. The defendant has petitioned this Court for review via certiorari.
We conclude that the order below constitutes a departure from the essential requirements of law which will not be subject to correction after final judgment. The major issue in controversy before this Court is whether there was actually a demonstration that the reports constituted work product. We have reviewed the evidence on this subject and conclude that the reports fall within the definition of work product. See Surf Drugs, Inc. v. Vermette, 236 So.2d 108 (Fla. 1970), wherein the Court discussed the definition of work product and held in relevant part as follows:
[A] party may be required to respond on behalf of himself, his attorney, agent, or employee and to divulge names and addresses of any person having relevant information as well as to indicate generally the type of information held by the person listed. A party may not be required to set out the contents of statements, absent rare and exceptional circumstances, or to divulge his or his attorneys' evaluation of the substance of statements taken in preparation for trial.
Here, the defendant has already divulged the names, addresses, and dates of other similar accidents within a three-year period prior to the accident in question. We conclude that the reports pertaining to the accidents were, based on the evidence before the trial court, prepared in anticipation of litigation and that the Court departed from the essential requirements of law in ordering their disclosure. See Sligar v. Tucker, 267 So.2d 54 (Fla. 4th DCA 1972), cert. denied, 271 So.2d 146 (Fla. 1972).
The petition for certiorari is granted and the order below quashed.
LETTS, C.J., and MOORE and BERANEK, JJ., concur.