PER CURIAM.
This matter is before us to review an order of the trial court requiring the petitioner to produce “all investigative reports and expert opinions” in its possession or control involving an accident similar to the one involved in this litigation. In the trial court the items sought to be produced included all “reports, memoranda, correspondence or other writings” relating to the other accident as well as similar information involving the subject accident. The petitioner had refused to disclose such information in answers to interrogatories on the basis that the request encompassed privileged material as well as discoverable material. At the hearing before the trial court the respondents conceded a work product privilege as to information developed concerning the subject accident and withdrew its request for such information. However, it was contended that the petitioner could claim no privilege as to information developed on other accidents. The trial court agreed and entered the order described, supra. We believe that the order entered on the discovery request was over-broad in that it made no provision for the protection of any privileged matter. Jowanowitch v. Florida Power and Light Company, 381 So.2d 750 (Fla. 4th DCA 1980). Also see Florida Power and Light Company v. Limeburner, 390 So.2d 133 (Fla. 4th DCA 1980). Accordingly, the petition for writ of certiorari is granted and the order of the trial court as described above is quashed. This ruling is made without prejudice to the *231 respondents to discover the existence of any specific items and to have such items produced absent an objection and showing by the petitioner that such item is protected from discovery. See Jowanowitch and Limeburner, supra, and Surette v. Galiardo, 323 So.2d 53 (Fla. 4th DCA 1975).
ANSTEAD, GLICKSTEIN and HURLEY, JJ., concur.