435 So.2d 307 (1983)
WINN-DIXIE STORES, INC., Petitioner,
v.
Varsenig NAKUTIS, Respondent.
No. 83-177.
District Court of Appeal of Florida, Fifth District.
June 30, 1983.
Rehearing Denied August 2, 1983.
*308 Robert E. Bonner, of Pitts, Eubanks & Ross, P.A., Orlando, for petitioner.
William W. Carpenter, Longwood, for respondent.

ON PETITION FOR WRIT OF CERTIORARI
DAUKSCH, Judge.
This is before us on a petition for Writ of Certiorari to the circuit court invoking our jurisdiction to quash a discovery order. Malt v. Simmons, 405 So.2d 1018 (Fla. 4th DCA 1981); Powell v. Wingard, 402 So.2d 532 (Fla. 5th DCA 1981). We grant the writ and quash the order.
This is a slip and fall case and the plaintiff (respondent here) sought discovery of all internally produced accident reports relating to the particular grocery store where plaintiff claims injury for the years 1977 through the date of the alleged injury in this case. The trial judge granted the discovery but limited it to a period of three years just before the alleged injury.
Petitioner asserts the order requires the production of its "work product" without the required showing of good cause why such usually-protected-from-discovery material should be disclosed. Petitioner says incident reports prepared by a party in anticipation of litigation are work product of the party and its attorneys. Vann v. State, 85 So.2d 133 (Fla. 1956); Florida Power & Light Company v. Lineburner, 390 So.2d 133 (Fla. 4th DCA 1980); Fogarty v. Brothers Transfer Company v. Perkins, 250 So.2d 655 (Fla.2d DCA 1971); Grand Union v. Patrick, 247 So.2d 474, 475 (Fla.3d DCA 1971); Sligar v. Tucker, 267 So.2d 54 (Fla. 4th DCA 1972).
Rule 1.280(b)(2), Florida Rules of Civil Procedure, provides that "only upon a showing that the party seeking discovery has need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means" may the court order disclosure of work product material. Plaintiff merely alleged that "such reports and statements are within the limits of permissible discovery and plaintiff is in need of these documents for an effective presentation of her case." A bare assertion that plaintiff is in need is insufficient to permit this kind of discovery. Seaboard Airline Railroad Company v. Timmons, 61 So.2d 426 (Fla. 1952); Speer v. Desrosiers, 361 So.2d 722 (Fla. 4th DCA 1978). Also, there is no indication that the plaintiff could not obtain equivalent discovery by other means without undue hardship, as the rule requires.
Although the plaintiff urges the materials sought are not work product we cannot help but say otherwise. Work product is defined in Rule 1.280 as "... documents and tangible things ... prepared in anticipation of litigation... ." It is hardly arguable that an accident report of a slip and fall incident in a grocery store, prepared by the grocery store employees or agents, is not a document prepared in anticipation of litigation. Those reports certainly are not prepared because of some morbid curiosity about how people fall at the market. Experience has shown all retail stores that people who fall in their stores try to be compensated for their injuries. Experience has also shown those stores that bogus or frivolous or exaggerated claims might be made. A potential defendant's right to fully investigate and memorialize the results of the investigation should not be restricted any more than should a potential plaintiff's. Our system of advocacy and dispute settlement by trial mandates that each side should be able to use its sources of investigation without fear of having to disclose it all to its opponents. This allows for free discussion and communication during preparation for litigation. If all reports and other communications of the litigants were available to the opposition then those communications would certainly be stilted, unrevealing and thus self-defeating in their purpose.
So, absent a showing of (1) a need and (2) an inability to otherwise obtain the substantial equivalent without undue hardship, the *309 plaintiff is not entitled to compelled discovery of the accident reports.
Order QUASHED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.