453 So.2d 452 (1984)
Otto Julius KARCH and Florida Power & Light Company, a Florida Corporation, Petitioners,
v.
Darlene Marie MacKay and Joseph B. MacKay, Her Husband, Respondents.
No. 84-250.
District Court of Appeal of Florida, Fourth District.
July 11, 1984.
Rehearing Denied August 21, 1984.
*453 Moss, Henderson & Lloyd, P.A., Vero Beach, and Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for petitioners.
Robert Sussman, and Edward A. Perse of Horton, Perse & Ginsberg, Miami, for respondents.
DOWNEY, Judge.
By petition for writ of common law certiorari, Karch and Florida & Light Company seek quashal of discovery orders requiring the production of statements which Karch gave to his employer, Florida Power & Light, regarding Karch's involvement in an automobile accident. The respondent, Darlene Marie MacKay, is one of the persons injured in said accident and one of the plaintiffs in pending litigation arising therefrom.
The courts of this state have been consistent since Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), in holding that, absent very unusual circumstances, statements obtained by an employer regarding an accident in anticipation of litigation are work product and not subject to adversarial discovery. Surf Drugs, Inc. v. Vermette, 236 So.2d 108 (Fla. 1970); Florida Power & Light Co. v. Limeburner, 390 So.2d 133 (Fla. 4th DCA 1980); Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1983). The reports sought in this case appear to fall neatly within the protected category and allowance of their discovery constitutes a departure from the essential requirements of law. Accordingly, the petition for writ of common law certiorari is granted and those parts of the orders under review that require petitioners to produce statements that Karch gave to Florida Power & Light Company regarding the accident are quashed.
ANSTEAD, C.J., and BERANEK, J., concur.