455 So.2d 1342 (1984)
WINN-DIXIE STORES, INC., a Florida Corporation, Petitioner,
v.
Arthur S. GONYEA and Nancy A. Gonyea, His Wife, Respondents.
No. 84-867.
District Court of Appeal of Florida, Second District.
September 26, 1984.
George G. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for petitioner.
Robert J. Kelly of Brandt & Kelly, Dunedin, and Craig C. Villanti, New Port Richey, for respondents.
HOBSON, Acting Chief Judge.
Petitioner, Winn-Dixie Stores, Inc. (hereinafter "Winn-Dixie"), defendant below in a personal injury action, seeks a writ of certiorari to review a discovery order requiring the defendant to produce statements of eyewitnesses to the incident given to Winn-Dixie's insurance adjusting firm. We grant the petition and quash the lower court's order.
*1343 This action commenced when the Gonyeas, husband and wife, filed a complaint alleging that Arthur Gonyea slipped and fell on Winn-Dixie's premises while a business invitee. As a result, Arthur Gonyea allegedly sustained permanent injuries and Nancy Gonyea sustained a loss of consortium. Winn-Dixie answered. Discovery commenced and on August 22, 1983, the Gonyeas' first set of interrogatories to Winn-Dixie was served. On August 23, 1983, the Gonyeas served requests for production numbered 1 through 5. Number 5 requested
any and all written, recorded or transcribed statements of any witnesses to the incident mentioned in the complaint, whether eyewitness or witnesses with knowledge of the surrounding facts and circumstances.
Winn-Dixie's response was served with written objections to requests numbers 3 through 5 on the grounds that the materials requested were work product.
Answers to the interrogatories propounded on Winn-Dixie were served. Interrogatory 15 asked whether or not Winn-Dixie obtained any statements from any witnesses to the accident and, if so, to provide the names and addresses of those persons. Winn-Dixie provided the name of the representative of its insurance adjusting firm as the person taking such statements and the names of Debbie Summers and Jeff Bolda as the persons making such statements. Summers' and Bolda's depositions were taken. The Gonyeas filed a motion to compel discovery concerning their request to produce. The motion alleged, inter alia, that Winn-Dixie had failed to respond to the request, and that the Gonyeas required the information to be produced in the interest of justice. The court granted the motion to compel as to request number 5.
A motion for rehearing was filed stating that Winn-Dixie had disclosed the names of all eyewitnesses to the accident and that the Gonyeas had deposed them. Also alleged was that the requested recorded statements were within the definition of work product and, without the Gonyeas making a showing of undue hardship in obtaining the substantial equivalent of the materials, the motion should not have been granted. Further, the motion alleged that because the depositions were taken, the substantial equivalent of the recorded statements had been obtained.
At hearing, the Gonyeas stated that they required the recorded statements of Bolda and Summers because there were inconsistencies in the witnesses' deposition testimony. The inconsistencies concerned, among other things, whether some of the witnesses recalled having seen water on the floor where Arthur Gonyea allegedly fell and whether they recalled seeing carts being used in the area where the accident occurred. The Gonyeas' attorney stated that they were unable to obtain this information by any other means. Winn-Dixie's counsel argued that the materials in request number 5 were work product, and the court agreed. Additionally, he argued that the duty of the movants was to show a need for the materials in the preparation of their case and that they were unable to obtain the substantial equivalent of the materials by any other means. He argued that the depositions were the substantial equivalent of the recorded statements.
An order denying the motion for rehearing was entered finding that "the movants have fairly shown that the specified transcribed statements requested were those made shortly after the incident involved by the defendant's employees who were easily identifiable as those whose later testimony by way of deposition was conflicting and irreconcilable on material facts, making it impossible to obtain pertinent information for reconciling the factual inconsistencies ... from any other source." Thus, the court found that the Gonyeas had made the required showing to overcome the work product privilege under rule 1.280(b)(2), Florida Rules of Civil Procedure. This petition for certiorari followed.
Winn-Dixie argues that the trial court's ruling in this case departs from the essential requirements of law because the Gonyeas failed to make any showing that the *1344 substantial equivalent of materials was unavailable to them. Winn-Dixie further argues that the judge's ruling was premised on the fact that the deposition testimony of Bolda and Summers was inconsistent and conflicting and that such a foundation is an insufficient basis from which to order production of Winn-Dixie's work product, citing Dade County v. Monroe, 237 So.2d 598 (Fla. 3d DCA 1970).
The Gonyeas, in turn, first argue that the requested statements were directed to prior statements of witnesses, not those prepared in anticipation of litigation and, as such, should be characterized as business records, not work product. We are not persuaded by this argument and hold that the statements of witnesses taken by Winn-Dixie's insurance adjuster were "in anticipation of litigation." See Karch v. MacKay, 453 So.2d 452 (Fla. 4th DCA 1984); Wackenhut Corp. v. Crant-Heisz Enterprises, Inc., 451 So.2d 900 (Fla. 2d DCA 1984); Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1983).
The Gonyeas further argue that even assuming the trial court correctly characterized the requested statements as work product, an exception to the work product rule exists in this case. This exception, the Gonyeas urge, is based on cases defining the type of "necessity" that is required before the work product exclusionary rule can be overcome. The Gonyeas then, in an attempt to meet the second prong of rule 1.280(b)(2), emphasize that the depositions took place over a year after the actual incident, the statements sought were taken before any litigation commenced and the sworn testimony of each of the purported eyewitnesses varied in material respects. Again, although the Gonyeas make a forceful argument, we are compelled to disagree.
Rule 1.280(b)(2) clearly sets forth the criteria for overcoming the work product privilege. The rule provides in pertinent part:
(2) Trial Preparation: Materials. Subject to the provisions of subdivision (b)(3) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative, including his attorney, consultant, surety, indemnitor, insurer or agent, only upon a showing that the party seeking discovery has need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means... .
Having found that the subject statements were within the scope of Winn-Dixie's work product, there remains for our consideration whether the Gonyeas made a showing of the requisite need and inability to obtain the substantial equivalent of the recorded statements. Even assuming the cases cited by the Gonyeas establish the requisite "need" in this case, we agree with Winn-Dixie that the Gonyeas failed to make a showing of their inability to obtain "substantially equivalent" materials. The trial court did not read the recorded statements nor, of course, did the Gonyeas know of the contents of the statements. Thus, there is no way of knowing whether or not the deposition statements are the "substantial equivalent" of the statements taken shortly after the accident by Winn-Dixie's insurance adjuster. Even if the requested statements were to conflict with the deposition testimony, we hold that such a foundation is insufficient to penetrate the work product privilege under rule 1.280(b)(2). See Dade County v. Monroe.
Accordingly, we grant the petition for writ of certiorari and quash the trial court's order compelling Winn-Dixie to produce request for production number 5.
PETITION FOR WRIT OF CERTIORARI GRANTED.
BOARDMAN and SCHOONOVER, JJ., concur.