471 So.2d 203 (1985)
FLORIDA CYPRESS GARDENS, INC., Petitioner,
v.
Clarence W. MURPHY and Frances Murphy, Respondents.
No. 85-1095.
District Court of Appeal of Florida, Second District.
June 19, 1985.
*204 Ashby L. Camp of Cooper, Rissman & Weisberg, P.A., Orlando, for petitioner.
R. Scott Bunn of Straughn, Sharit, Bunn & Chilton, P.A., Winter Haven, for respondents.
GRIMES, Acting Chief Judge.
By petition for writ of certiorari, Florida Cypress Gardens, Inc., seeks review of an order compelling production from the investigation file of the adjuster for its liability insurer. Orders requiring discovery are proper subjects for certiorari since an erroneously compelled disclosure, once made, may constitute irreparable harm which cannot be remedied by way of appeal. Manatee County v. Estech General Chemicals Corp., 402 So.2d 75 (Fla. 2d DCA 1981); Zuberbuhler v. Division of Administration, 344 So.2d 1304 (Fla. 2d DCA 1977), cert. denied, 358 So.2d 135 (Fla. 1978).
Clarence W. Murphy and Frances Murphy, his wife, sued Cypress Gardens for damages resulting from an accident in which Mr. Murphy was thrown out of a wheelchair while being pushed across a bridge at Cypress Gardens. The Murphys filed a notice of request to produce photographs of the bridge taken incidental to Cypress Gardens' investigation of the accident and the contents of Cypress Gardens' accident investigation file, excluding correspondence with its attorney. Cypress Gardens objected to the production of these items, and the Murphys filed a motion to compel.
Following the procedure outlined in Cotton States Mutual Insurance Co. v. Turtle Reef Associates, Inc., 444 So.2d 595 (Fla. 4th DCA 1984), the court directed Cypress Gardens to file an affidavit setting forth dates when the items subject to the request for discovery were obtained and the purpose for which they were obtained. Cypress Gardens filed an affidavit of the claims supervisor of Hartford Fire Insurance Company stating that the photographs and the documents in the investigation file were taken by Hartford adjusters in the course of their investigation of Mr. Murphy's accident. The affidavit further stated that these items were obtained because Hartford, as the liability insurer of Cypress Gardens, anticipated that accidents on the property of its insureds produce claims for damages.
The judge found that while the documents and photographs were obtained in anticipation of claims, they were only obtained in the "mere likelihood of litigation," and ordered their production. While the judge scrupulously followed the dictates of Turtle Reef, in so doing he acted contrary to the dictates of the supreme court and this court as well as other district courts of appeal.
In Seaboard Air Line Railroad v. Timmons, 61 So.2d 426 (Fla. 1952), the supreme court set forth the basic principles regarding discovery of work product when it said:
[I]t is settled that a party is not entitled, as of right, under Rule 27, or any other *205 rule, to inspect the statements, memoranda, and other documents constituting the "work product" of the opposing party as to the matter which is the subject of the litigation, such as (1) written statements of witnesses relating to the occasion on which the injury occurred; (2) statements or reports from agents, officers or employees of the defendant company relating to the accident; and (3) records, investigation sheets, memoranda, and photographs, relating to the accident, including any and all information, investigation sheets, etc., received by the defendant's attorneys from investigators and adjusters.
61 So.2d at 427-428. The scope of discovery under Common Law Rule 27 referred to by the court was set forth in Common Law Rule 20(b), the text of which has been carried forward almost verbatim into Florida Rule of Civil Procedure 1.280(b)(1). Consistent with the rationale of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), rule 1.280(b)(2) has been added to provide that material otherwise discoverable under rule 1.280(b)(1) but which was prepared in anticipation of litigation may only be discovered upon a showing of undue hardship.
In Winn-Dixie Stores, Inc. v. Gonyea, 455 So.2d 1342 (Fla. 2d DCA 1984), this court held that statements of witnesses concerning a slip and fall on Winn-Dixie's premises which had been obtained by its insurance adjusting firm shortly after the accident were protected from discovery by the work product rule. In City of Sarasota v. Colbert, 97 So.2d 872 (Fla. 2d DCA 1957), the trial court had entered an order authorizing the discovery of the written reports of the city's investigator which had been obtained prior to the service of the required written claim notice upon the city. In granting certiorari and quashing the order, this court stated:
We know of no reason for drawing such an arbitrary date line in a situation such as this. To do so would be to penalize the diligence of the city in promptly investigating a potential claim even though the notice of claim had not been filed with it. The fact that the charter provision above quoted makes it the duty upon receiving a notice of claim to investigate and lay the matter before the governing authority for action does not deprive the city of its right to investigate prior to formal notice of claim; and upon such investigation to then claim, within the definable area, as part of its work product the items obtained by such prompt investigation.
97 So.2d at 874.
In Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1983), petition for review denied, 446 So.2d 100 (Fla. 1984), the court quashed an order authorizing the discovery of internally produced accident reports relating to the grocery store where the plaintiff was injured. In rejecting the argument that the reports had not been prepared in anticipation of litigation, the court stated:
Although the plaintiff urges the materials sought are not work product we cannot help but say otherwise. Work product is defined in Rule 1.280 as "... documents and tangible things ... prepared in anticipation of litigation... ." It is hardly arguable that an accident report of a slip and fall incident in a grocery store, prepared by the grocery store employees or agents, is not a document prepared in anticipation of litigation. Those reports certainly are not prepared because of some morbid curiosity about how people fall at the market. Experience has shown all retail stores that people who fall in their stores try to be compensated for their injuries. Experience has also shown those stores that bogus or frivolous or exaggerated claims might be made. A potential defendant's right to fully investigate and memorialize the results of the investigation should not be restricted any more than should a potential plaintiff's. Our system of advocacy and dispute settlement by trial mandates that each side should be able to use its sources of investigation without fear of having to disclose it all to its opponents. This allows *206 for free discussion and communication during preparation for litigation. If all reports and other communications of the litigants were available to the opposition then those communications would certainly be stilted, unrevealing and thus self-defeating in their purpose.
435 So.2d at 308. Other decisions reaching essentially the same result include New Life Acres, Inc. v. Strickland, 436 So.2d 391 (Fla. 5th DCA 1983), and Sligar v. Tucker, 267 So.2d 54 (Fla. 4th DCA), cert. denied, 271 So.2d 146 (Fla. 1972).
Without citing Florida law on the point, Turtle Reef relied on two federal court interpretations of the comparable federal discovery rule. With all due respect, we cannot accept the proposition that the investigation file of an insurance company concerning an accident involving its insured was not prepared in anticipation of litigation simply because its contents may have been obtained prior to the filing of a formal claim. The documents and photographs sought by the Murphys were protected as work product. Since the Murphys did not purport to bring themselves within the "undue hardship" provision of rule 1.280(b)(2), the motion to compel discovery should have been denied. Needless to say, our ruling would have been the same if the requested discovery consisted of documents and photographs obtained by an investigator who had been retained by the Murphys or their attorney.
We grant certiorari and quash the order of discovery.
SCHEB and SCHOONOVER, JJ., concur.