Opinion
PER CURIAM.
We grant the petition for writ of certio-rari and quash the order compelling petitioner to produce those portions of its claim file and related records that are dated prior to the filing of this suit. Our decision is controlled by Florida Cypress Gardens, Inc. v. Murphy, 471 So.2d 203 (Fla. 2d DCA 1985), in which this court held that the contents of an insurer’s accident investigation file constituted work product even though it was prepared prior to the filing of the lawsuit. Accord Seaboard Air Line Railroad v. Timmons, 61 So.2d 426 (Fla. 1952); Walt Disney World Co. v. Cotto, 462 So.2d 486 (Fla. 5th DCA 1984); Winn-Dixie Stores, Inc. v. Gonyea, 455 So.2d 1342 (Fla. 2d DCA 1984); New Life Acres, Inc. v. Strickland, 436 So.2d 391 (Fla. 5th DCA 1983); Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1983), petition for review denied, 446 So.2d 100 (Fla.1984); Sligar v. Tucker, 267 So.2d 54 (Fla. 4th DCA), cert. denied, 271 So.2d 146 (Fla.1972); City of Sarasota v. Colbert, 97 So.2d 872 (Fla. 2d DCA 1957); but see Cotton States Mutual Insurance Co. v. Turtle Reef Associates, Inc., 444 So.2d 595 (Fla. 4th DCA 1984).
Since certain portions of the disputed order did not involve work product, we direct the trial court to enter an amended order consistent with this decision.
GRIMES, A.C.J., and LEHAN and FRANK, JJ., concur.