534 So.2d 884 (1988)
DADE COUNTY SCHOOL BOARD, Petitioner,
v.
Roberto SOLER, a Minor, by and through His Parents and Next Friends, Americo Soler and Carmen Soler, and Individually and Jointly and Severally, Respondents.
No. 88-2040.
District Court of Appeal of Florida, Third District.
December 6, 1988.
Peters, Pickle, Niemoeller, Robertson, Lax & Parsons and Donna C. Hurtak, Miami, for petitioner.
*885 William C. Riethmiller, Miami, for respondents.
Before HUBBART, BASKIN and JORGENSON, JJ.
BASKIN, Judge.
Petitioner Dade County School Board [DCSB] seeks review by common law certiorari of a trial court order compelling it to produce the statements and the incident report concerning an accident involving respondent Roberto Soler and to provide better answers to interrogatories. We grant certiorari, quash the portion of the order requiring production of statements made to DCSB by witnesses and employees, but approve the portion of the order compelling production of the incident report and requiring better answers to interrogatories.
DCSB argues for the first time in its petition for certiorari that the incident report is protected from discovery by the work product privilege. In the trial court, DCSB did not object to production of the incident report on the ground of privilege; instead, it objected on the ground that the request was "overly broad, general, vague and ambiguous." Thus, the issue of work product privilege was not properly preserved for review, Tabasky v. Dreyfuss, 350 So.2d 520 (Fla. 3d DCA 1977), and we need not disturb the portion of the trial court's order compelling its production.
DCSB properly asserts work product privilege grounds in its challenge to the trial court's order requiring it to produce all statements taken from witnesses and employees concerning respondent's accident. That objection has merit. Although a party may be ordered to provide the names and addresses of individuals who have furnished statements in anticipation of litigation, "absent rare and exceptional circumstances," Surf Drugs, Inc. v. Vermette, 236 So.2d 108, 113 (Fla. 1970), the party may not be required to furnish the statements themselves because such statements are work product. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Miami Transit Co. v. Hurns, 46 So.2d 390 (Fla. 1950); Karch v. MacKay, 453 So.2d 452 (Fla.4th DCA 1984). Once the party opposing production asserts a work product privilege, the burden shifts to the party requesting production to show that he is "unable without undue hardship to obtain the substantial equivalent of the materials by other means. Fla.R.Civ.P. 1.280(b)(2); Florida Cypress Gardens, Inc. v. Murphy, 471 So.2d 203 (Fla.2d DCA 1985); Winn-Dixie Stores, Inc. v. Gonyea, 455 So.2d 1342 (Fla.2d DCA 1984). No such showing was presented to the trial court. Accordingly, we conclude that the trial court departed from the essential requirements of law by ordering DCSB to produce all statements regarding respondent's accident, and we quash that portion of the trial court's order.
DCSB also takes issue with the trial court's order requiring better answers to interrogatories. DCSB has not demonstrated that the trial court departed from the essential requirements of law; we therefore approve this portion of the order.
For these reasons, we grant certiorari, quash the decision of the trial court in part, and remand the cause for further proceedings consistent with this opinion. On remand, Soler may demonstrate that he is "unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fla.R.Civ.P. 1.280(b)(2).