546 So.2d 760 (1989)
ANCHOR NATIONAL FINANCIAL SERVICES, INC., Petitioner,
v.
Gladys SMELTZ and Rose Bagwell, Respondents.
No. 89-01100.
District Court of Appeal of Florida, Second District.
July 12, 1989.
O'Bannon M. Cook of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Tallahassee, for petitioner.
Frank Comparetto, Jr. and W. Clinton Wallace, Lakeland, for respondents.
PER CURIAM.
Anchor National Financial Services (Anchor) petitions this court for a writ of certiorari to review a discovery order entered by the circuit court in connection with ongoing litigation between Anchor and respondents Gladys Smeltz and Rose Bagwell. The order requires Anchor to furnish Smeltz and Bagwell with certain discovery materials which Anchor has argued are work product prepared in anticipation of litigation and are therefore privileged. We grant the petition.
Simply stated, the separate complaints filed by Smeltz and Bagwell (consolidated in the trial court for discovery purposes) both allege that Anchor and David Addington, a former employee of Anchor, negligently or fraudulently mismanaged investment funds entrusted to them. Anchor has identified four separate documents which, it asserts, merit the work product privilege. These were viewed by the trial court in camera and are included, under seal, in the record before us. Without revealing the contents of the documents, they may be described as stemming from Anchor's own investigation of Addington, including internal analyses of information garnered during such investigation. Anchor submitted an affidavit by former assistant general counsel Brenda Sneed to the effect that each of these items was prepared pursuant to her instruction, in anticipation of potential litigation stemming from Addington's business activities.
We find ample evidence that the disputed items were prepared in anticipation of litigation and therefore that a limited privilege attaches to them. This conclusion *761 is based upon the unrefuted Sneed affidavit and an examination of the materials themselves. In so holding we note that materials such as these may qualify as work product even if, as here, no specific litigation was pending at the time the materials were compiled. Even preliminary investigative materials are privileged if compiled in response to some event which foreseeably could be made the basis of a claim. See, e.g., Florida Cypress Gardens, Inc. v. Murphy, 471 So.2d 203 (Fla. 2d DCA 1985); Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1983), review denied, 446 So.2d 100 (Fla. 1984); Sligar v. Tucker, 267 So.2d 54 (Fla. 4th DCA), cert. denied, 271 So.2d 146 (Fla. 1972).
Since the trial court found that the documents are not work product, she apparently did not determine whether respondents might be able to overcome the qualified privilege against disclosure of work product. See, e.g., Agri-Business, Inc. v. Bridges, 397 So.2d 394 (Fla. 1st DCA), review denied, 407 So.2d 1102 (Fla. 1981). Accordingly, our decision is without prejudice to respondents to attempt such a showing.
The petition for writ of certiorari is granted and this case is remanded to the trial court for further proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and LEHAN and HALL, JJ., concur.