571 So.2d 507 (1990)
WASTE MANAGEMENT, INC., a Delaware Corporation, Petitioner,
v.
FLORIDA POWER & LIGHT COMPANY, a Florida Corporation, Respondent.
No. 90-02280.
District Court of Appeal of Florida, Second District.
October 26, 1990.
Rehearing Denied December 6, 1990.
*508 Edward D. Schuster of Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Fort Lauderdale, for petitioner.
Aimee D. Stein and Stephen P. Walroth, Miami, for respondent.
PER CURIAM.
Petitioner, Waste Management, Inc., seeks a writ of certiorari to quash an order that denied its motion for protective order filed in response to Florida Power & Light's (FP & L) subpoena duces tecum and motion for production of documents. We have jurisdiction, Florida Cypress Gardens, Inc. v. Murphy, 471 So.2d 203 (Fla. 2d DCA 1985), and for the reasons stated below, we grant the petition and quash the trial court's order.
Manuel Rosa was killed when the crane he was operating came into contact with power lines. Rosa was employed by Yahl Brothers Disposal Service, a wholly owned subsidiary of Waste Management. Rosa's personal representative filed a wrongful death action against FP & L, alleging that FP & L negligently maintained its power lines. FP & L filed an answer and affirmative defenses, contending, among other things, that Yahl Brothers was negligent.
FP & L served Waste Management with a subpoena duces tecum in which it requested that the person at Waste Management with the most knowledge of the Rosa accident attend a deposition and bring certain documents relevant to the matter. Counsel for Waste Management responded *509 to the subpoena with a letter in which he stated that the requested documents were prepared by Waste Management at his direction shortly after the accident and were, therefore, privileged work product. FP & L re-noticed the taking of the deposition and Waste Management filed a motion to quash the subpoena and for a protective order.
At the hearing on Waste Management's motion, its counsel contended that certain of the requested documents were work product prepared at counsel's direction in anticipation of litigation. Specifically, Waste Management objected to the requests for its "safety file" on the accident and all photographs of the deceased, the accident scene, and the truck involved. FP & L responded that the documents could not have been prepared in anticipation of litigation because Waste Management, as the deceased's employer, was protected by workers' compensation immunity, and FP & L had assured Waste Management that it would not seek contribution. FP & L also contended that the documents were not privileged because the Occupational Safety and Health Administration (OSHA) requires an employer to conduct an investigation after an accident involving serious injury.
Based upon counsels' representations, the trial court concluded that the documents were not work product, and thus, were discoverable. It appears the trial court found that the documents were not prepared in anticipation of litigation, but rather were prepared because OSHA required them. Accordingly, the trial court denied Waste Management's motion to quash subpoena and for protective order. Waste Management timely filed the present petition for writ of certiorari.
Initially, we discuss FP & L's contention that Waste Management failed to present competent evidence in support of its claim that the documents in dispute are work product. FP & L asserts that Waste Management supported its claim of qualified privilege only through argument of counsel, not evidence. It is generally true that argument of counsel cannot be a trial court's basis for making a factual determination. See State of Fla. Dep't of Envtl. Regulation v. Chemairspray, Inc., 520 So.2d 96 (Fla. 4th DCA 1988). Here, however, FP & L failed to object in the trial court to the factual representations made by counsel for Waste Management. In the absence of fundamental error, which is not present in this case, FP & L cannot complain for the first time on appeal of an alleged error not disputed in the trial court. See Dober v. Worrell, 401 So.2d 1322, 1323 (Fla. 1981). Further, it appears that the trial court accepted as true the factual representations of counsel, as officers of the court, but concluded, as a matter of law, that the documents were not privileged because OSHA required Waste Management to report on all accidents involving serious injury.
We now turn to the issue whether the documents are work product as contemplated by Florida Rule of Civil Procedure 1.280(b)(3), which provides, in pertinent part:
[A] party may obtain discovery of documents and tangible things otherwise discoverable ... and prepared in anticipation of litigation ... by or for another party or by or for that party's representative, including his attorney, ... only upon a showing that the party seeking discovery has need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.
The key factor in our determination is whether the documents were "prepared in anticipation of litigation." It is not necessary that the documents be prepared for imminent or ongoing litigation. See Anchor Nat'l Fin. Servs., Inc. v. Smeltz, 546 So.2d 760 (Fla. 2d DCA 1989); Florida Cypress Gardens, Inc. v. Murphy. But see Cotton States Mut. Ins. Co. v. Turtle Reef Assocs. Inc., 444 So.2d 595 (Fla. 4th DCA 1984) (work product privilege attaches to documents prepared "in contemplation of litigation," not for "mere likelihood of litigation"). As we observed in Anchor National, "[e]ven preliminary investigative *510 materials are privileged if compiled in response to some event which foreseeably could be made the basis of a claim." Anchor Nat'l, 546 So.2d at 761.
On the record before us, it is undisputed that the photographs and safety file in this case were prepared at the direction of Waste Management's counsel in response to the accident, which foreseeably could have been made the basis of a claim. It is irrelevant that Waste Management would have affirmative defenses to a claim or that a cause of action against it would be hard to prove. In Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307, 308 (Fla. 5th DCA 1983), petition for review denied, 446 So.2d 100 (Fla. 1984), a case involving a slip and fall in a grocery store, the court stated:
It is hardly arguable that an accident report of a slip and fall incident in a grocery store, prepared by the grocery store employees or agents, is not a document prepared in anticipation of litigation. Those reports certainly are not prepared because of some morbid curiosity about how people fall at the market. Experience has shown all retail stores that people who fall in their stores try to be compensated for their injuries. Experience has also shown those stores that bogus or frivolous or exaggerated claims might be made. A potential defendant's right to fully investigate and memorialize the results of the investigation should not be restricted any more that should a potential plaintiff's. Our system of advocacy and dispute settlement by trial mandates that each side should be able to use its sources of investigation without fear of having to disclose it all to its opponents. This allows for free discussion and communication during preparation for litigation. If all reports and other communications of the litigants were available to the opposition then those communications would certainly be stilted, unrevealing and thus self-defeating in their purpose.
Nakutis, 435 So.2d at 308. We can discern no meaningful reason why these principles should not apply in this case. We also note that even if Waste Management were immune from suit by its employee's personal representative or another party seeking contribution in an action by the personal representative, it, nevertheless, could anticipate a suit for property damage resulting from the accident.
Additionally, we conclude that the documents may qualify as work product, even though some of the documents may be required by OSHA. While the report filed with OSHA may be subject to discovery from OSHA, the documents used by Waste Management to compile that report do not lose the qualified privilege if they were otherwise prepared in anticipation of litigation. See Fogarty Bros. Transfer Co. v. Perkins, 250 So.2d 655 (Fla. 2d DCA 1971).
Therefore, we hold Waste Management made a sufficient showing that the documents are work product and that the trial court departed from the essential requirements of law in requiring their production without further inquiry as to whether FP & L would be able to overcome the qualified privilege against disclosure. See Anchor Nat'l.
Accordingly, we grant the petition for writ of certiorari, quash the order requiring production, and remand for further proceedings consistent with this opinion. Upon remand, FP & L may attempt to show that it cannot obtain the substantial equivalent of the documents without undue hardship.
FRANK, A.C.J., and PARKER and ALTENBERND, JJ., concur.