PER CURIAM.
Barnett Bank of Polk County, (“Barnett”), petitions this court for a writ of certiorari to review an order granting a motion to compel production of documents in connection with an ongoing foreclosure action filed against Dottie-G Development Corporation, (“Dot-tie-G”), and its guarantors, Dorothy G. Goe-bel a/k/a Dorothy G. Lee, William Plescia, Natalie Plescia, and James L. Wolford. Barnett unsuccessfully argued to the trial court that the requested documents were subject to the work product privilege. We agree that certain of the documents were prepared in anticipation of litigation; therefore, the petition is granted in part and denied in part.
The loan which is the subject of the foreclosure first became delinquent in March 1991. On May 21,1991, the responsibility for the loan was transferred from the loan officer in charge to the bank’s Special Assets Department. One of the purposes of the Special Assets Department is to make decisions concerning whether to litigate or to restructure a loan.
The documents Barnett seeks to protect were created after the loan was transferred to Special Assets. Barnett claims the documents were prepared in anticipation of litigation even though counsel was not formally *574 retained until February 28, 1992. Most of the documents contain the impressions, thoughts and analyses of bank officers. Barnett argues that the trial court’s ruling is an abuse of discretion. Barnett also argues the court has effectively eviscerated the work product doctrine as applied to those institutions which have established a “system of preparing for litigation with borrowers.”
In conducting discovery, Dottie-G made a request for production of all the files for the subject loan. When Barnett claimed work product privilege as to sixty-two documents, Dottie-G filed a motion to compel.[1] The trial court granted the motion and stated,
The court finds that no showing has been made that the documents were not produced in the course of regularly conducted business, made contemporaneously and as a regular practice of that business activity to make such a memorandum, notes, etc. The court further finds that the notes, documents were not created in anticipation of litigation nor for trial. The court further finds that no “undue hardship” exists,
(citations omitted.)
Florida Rule of Civil Procedure 1.280(b) governs discovery of materials for trial preparation.[2] Courts have held that business records may be exempt from discovery based upon the work product privilege. See Waste Management, Inc. v. Fla. Power and Light Co., 571 So.2d 507 (Fla. 2d DCA 1990) (OSHA reports); Fogarty Bros. Transfer Co. v. Perkins, 250 So.2d 655 (Fla. 2d DCA 1971) (accident reports); Sligar v. Tucker, 267 So.2d 54 (Fla. 4th DCA 1972) (hospital incident reports). Further, documents are subject to the work product privilege even when litigation is neither pending nor threatened so long as there is a possibility that a suit might ensue. See Anchor Nat’l Fin. Services, Inc. v. Smeltz, 546 So.2d 760, 761 (Fla. 2d DCA 1989); Fla. Power & Light Co., 571 So.2d at 509-10. Protection from discovery includes documents prepared in anticipation of litigation by or for a party, or by or for that party’s representative, including its “attorney, consultant, surety, indemnitor, insurer or agent.” Procter & Gamble Co. v. Swilley, 462 So.2d 1188, 1193 (Fla. 1st DCA 1985).
The first document sought to be protected by Barnett which directly mentions litigation is the “Problem Asset Reporting System” report dated February 7, 1992, documenting a conference call between the Special Assets officer and the principals of Dot-tie-G. We conclude that this report and all the documentation prepared thereafter were prepared in anticipation of litigation and are subject to the work product privilege.
Moreover, Dottie-G has failed to demonstrate undue hardship which would entitle it to production of the documents. See Fla. Cypress Gardens, Inc. v. Murphy, 471 So.2d 203 (Fla. 2d DCA 1985).
Accordingly, the petition is granted in part as to documents forty-two through fifty-nine contained in the appendix prepared for the trial court’s in camera review. See Fla. Power & Light, 571 So.2d at 509-10; Anchor Nat’l Fin. Services, 546 So.2d at 761. In all other respects, the petition is denied.
ALTENBERND, A.C.J., and LAZZARA and QUINCE, JJ., concur.

. Since the entry of the order compelling production, Barnett has provided thirty-six of the items in dispute, therefore, this petition only challenges the production of the twenty-six remaining documents.

. (1) In general. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action....
[[Image here]]
(A) Trial Preparation: Materials.... a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anti ci-pation of litigation or for trial by or for another party or by or for that party's representative, .... only upon a showing that the party seeking discovery has a need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.