720 So.2d 535 (1998)
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PENNSYLVANIA, a Pennsylvania corporation licensed to do business in the State of Florida, Petitioner,
v.
FLORIDA CONSTRUCTION, COMMERCE AND INDUSTRY SELF INSURERS FUND, a Florida mutual insurance company, and Florida Employees Insurance Service Corporation, a Florida corporation, and Hewitt, Coleman & Associates, a Florida corporation, Respondents.
No. 97-04756.
District Court of Appeal of Florida, Second District.
June 24, 1998.
Rehearing Denied October 12, 1998.
Kimberly A. Staffa and David J. Abbey of Fox, Grove, Abbey, Adams, Byelick & Kiernan, L.L.D., St. Petersburg, for Petitioner.
Morgan R. Bentley, M. Lewis Hall, III, and David A. Wallace of Williams, Parker, Harrison, Dietz & Getzen, Sarasota, for Respondents, Florida Construction, Commerce and Industry Self Insurers Fund, and Florida Employees Insurance Service Corporation; and Todd W. Vraspir of Papy & Weissenborn, P.A., Tampa, for Respondent, Hewill, Coleman & Associates.
PER CURIAM.
This petition for writ of certiorari seeks review of a pretrial order granting a motion to compel National Union Fire Insurance Company of Pittsburgh Pennsylvania (National Union) to release its claim file documents to Florida Construction, Commerce and Industry Self Insurers Fund (FCCI). National Union contends that the documents in the file are protected work product and, therefore, are privileged. We grant the petition for writ of certiorari and quash the pretrial order.
Generally, a trial court is allowed broad discretion in discovery matters. The standard for review in a petition for writ of *536 certiorari regarding a discovery issue is whether the trial court departed from the essential requirements of the law, thereby causing irreparable harm to the petitioner. See Wal-Mart Stores, Inc. v. Weeks, 696 So.2d 855, 856 (Fla. 2d DCA 1997); American Southern Co. v. Tinter, Inc., 565 So.2d 891 (Fla. 3d DCA 1990).
Upon review of the petition, response, and record before this court, we hold that the order compelling National Union to disclose the documents based strictly on the dates of their creation constitutes a departure from the essential requirements of the law which will arguably cause it irreparable injury throughout the remainder of the proceedings in the trial court for which a remedy on appeal would be inadequate.
During 1979 and 1980, National Union issued two excess workers' compensation policies to FCCI, and pursuant to those policies, National Union was obligated to reimburse FCCI for individual claims which exceeded $250,000 during 1979 and $300,000 during 1980. FCCI contends in its complaint that National Union breached the terms of the policy by failing to reimburse FCCI for a claim in 1979 by John Racki and a claim in 1980 by John Johnson. National Union denied liability, asserting that the notices of the claims were untimely presented.
FCCI filed an amended request for production of claim file documents which read: "All claim files for claims arising during 1979 and 1980 involving or related to claims of FCCI or members of FCCI for which National Union has set a reserve." In addition to the Johnson and Racki files, there were ten other claim files, with both pending claims and closed claims, which met the parameters of this request. National Union filed a motion for protective order on all the files, arguing several grounds including work product and attorney-client privilege. The court denied National Union's motion, but set forth a procedure for National Union to object to any particular document and indicated there would be a further hearing on those documents for which National Union claimed privilege. Document production between National Union and FCCI went forward in July 1997.
Following the release of some file documents by National Union, FCCI filed a second motion to compel the in camera inspection of the remaining unreleased documents. National Union provided the trial court with an amended comprehensive log of the documents in the claim files it considered covered by the work product and attorney-client privilege. The log was accompanied by an affidavit of National Union's claims manager, Dwain Darrien. Darrien asserted that all the documents listed in the log were prepared after National Union received written notice of FCCI's claims and had sent a letter denying the claim for lack of proper notice. Darrien asserted the documents contained personal thoughts, evaluations, and recommendations regarding the claims and the possibility of litigation which were never intended to be disclosed to third parties.
The court reviewed the privilege log on the other ten claim files and found there were no attorney-client communications contained in the documents. The court then determined that the documents in those files could not be protected by the work product doctrine unless the claims in the files were the subject of litigation. The court found no evidence indicating that documents created before the 1994 institution of the suit were prepared in anticipation of litigation, but rather determined the documents were created in the normal course of business. The court interpreted DeBartolo-Aventura, Inc. v. Hernandez, 638 So.2d 988 (Fla. 3d DCA 1994), and Cotton States Mutual Insurance Co. v. Turtle Reef Associates, Inc., 444 So.2d 595 (Fla. 4th DCA 1984), to hold that if a document was created for any reason other than imminent litigation, by definition it could not be considered work product protected. The court failed to examine all the documents sought by FCCI, but instead relied upon its determination that any document created before the December 1994 institution of the suit was created in the normal course of business, and ordered the release of the documents in all the files. This decision was erroneous. As explained by this court in Waste Management, Inc. v. Florida Power & Light Co., 571 So.2d 507, 509-10 (Fla. 2d DCA 1990):

*537 The key factor in our determination is whether the documents were "prepared in anticipation of litigation." It is not necessary that the documents be prepared for imminent or ongoing litigation. See Anchor Nat'l Fin. Servs., Inc. v. Smeltz, 546 So.2d 760 (Fla. 2d DCA 1989); Florida Cypress Gardens, Inc. v. Murphy. But see Cotton States Mut. Ins. Co. v. Turtle Reef Assocs., Inc., 444 So.2d 595 (Fla. 4th DCA 1984) (work product privilege attaches to documents prepared "in contemplation of litigation," not for "mere likelihood of litigation"). As we observed in Anchor National, "[e]ven preliminary investigative materials are privileged if compiled in response to some event which foreseeably could be made the basis of a claim." Anchor Nat'l, 546 So.2d at 761.
We find unrefuted evidence in the affidavit by Dwain Darrien, National Union's claims manager, that the items were prepared in anticipation of litigation, and therefore, a limited privilege attaches to them. Materials such as these may qualify as work product despite the fact that, as here, no specific litigation is pending at the time the materials are compiled. See Waste Management, 571 So.2d at 507; Anchor Nat'l Fin. Servs., Inc. v. Smeltz, 546 So.2d 760 (Fla. 2d DCA 1989); Florida Cypress Gardens, Inc. v. Murphy, 471 So.2d 203 (Fla. 2d DCA 1985). The trial court must focus on whether there is some event which could foreseeably be the basis of future litigation that compels the creation of the documents. Here, that event was National Union's response to FCCI's notice of claim which declared that the notice of claim was untimely.
Therefore, we hold that National Union made a sufficient showing that the documents in question may be protected under the work product doctrine, and the trial court departed from the essential requirements of the law in requiring their production without further inquiry regarding whether FCCI is able to overcome that privilege.
Accordingly, the petition for writ of certiorari is granted and the order requiring National Union to produce the documents is quashed. On remand, the trial court must examine the documents to determine if the work product privilege applies to each document, and if so, further inquiry will be necessary to determine if FCCI can overcome that privilege.
QUINCE, A.C.J., and WHATLEY and NORTHCUTT, JJ., concur.