789 So.2d 519 (2001)
WAL-MART STORES, INC., Petitioner,
v.
Annie E. BALLASSO and Carl W. Ballasso, husband and wife, Respondents.
No. 1D00-4023.
District Court of Appeal of Florida, First District.
July 17, 2001.
*520 Charles V. Peppler, Esquire of Vernis & Bowling of NW Florida, Pensacola, for Petitioner.
Louis K. Rosenbloum of Louis K. Rosenbloum, P.A.; Marcus J. Michles, II of Kerrigan, Estess, Rankin & McLeod, Pensacola, for Respondents.
PER CURIAM.
We grant in part the petition for a writ of certiorari and quash the order regarding production of the investigative files. The investigative files prepared in anticipation of litigation are considered privileged because it was foreseeable that litigation might ensue from the incident. See McRae's, Inc. v. Moreland, 765 So.2d 196, 197 (Fla. 1st DCA 2000); Anchor Nat. Fin. Serv. Inc. v. Smeltz, 546 So.2d 760 (Fla. 2d DCA 1989); Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307, 308 (Fla. 5th DCA 1983) ("Experience has shown all retail stores that people who fall in their stores try to be compensated for their injuries.") Furthermore, the respondents have not demonstrated their need for the files or shown an undue hardship in acquiring equivalent information. As the petitioner has sufficiently alleged that the investigatory files are protected as work product, the trial court abused its discretion and departed from the essential requirements of the law in compelling their production.
We deny the petition regarding Ms. Bethea's deposition. As the petitioner argues about the prospective admissibility of evidence that may be obtained in the deposition, it is not appropriate for review by certiorari. It is difficult to determine at this stage the purpose for which the respondents would offer such evidence. See § 90.408, Fla. Stat. (1999) (excluding statements made in settlement negotiations only where offered to prove liability).
GRANTED in part; DENIED in part; and REMANDED for further proceedings.
BARFIELD, DAVIS and LEWIS, JJ., concur.