GROSS, J.
This case arises from a slip and fall at a Publix grocery store. During discovery, the plaintiff sought “any and all reports concerning the incident identified in the plaintiffs complaint.” Publix asserted a work-product privilege and its privilege log identified two documents: a report of the incident by the assistant store manager and a “customer incident witness statement” of a customer service staff associate. Both items were prepared after the plaintiffs fall, on the same day. After reviewing the reports in camera, the trial court ordered their production. Publix seeks certiorari review of that order. We grant the writ and quash the order.
Florida Rule of Civil Procedure 1.280(b)(3) provides that a party may obtain work product, or materials “prepared in anticipation of litigation,” “only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.”
Both the incident report and the witness statement state that they were “prepared in anticipation of a claim or litigation” and are “confidential.” We agree with the observation of the fifth district that such items are obviously documents prepared in anticipation of litigation. Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307, 308 (Fla. 5th DCA 1983). Created after a slip and fall has been reported to the grocery store, such reports and employee statements,
certainly are not prepared because of some morbid curiosity about how people fall at the market. Experience has shown all retail stores that people who fall in their stores try to be compensated for their injuries. Experience has also shown those stores that bogus or frivolous or exaggerated claims might be made. A potential defendant’s right to fully investigate and memorialize the results of the investigation should not be restricted any more than should a potential plaintiffs. Our system of advocacy and dispute settlement by trial mandates that each side should be able to use its sources of investigation without fear of having to disclose it all to its opponents. This allows for free discussion and communication during preparation for litigation. If all reports and other communications of the litigants were available to the opposition then those communications would certainly be stilted, unrevealing and thus self-defeating in their purpose.
Id. at 308.
Publix has met its burden, and the plaintiffs have not demonstrated that they are unable to obtain the “substantial equivalent of the material by other means,” such as depositions.
*924 We grant the petition for writ of certio-rari and quash the order requiring production of the two reports.
MAY, C.J., and STEVENSON, J., concur.