PER CURIAM.
Petitioners, International House of Pancakes (“IHOP”) and Ronald Neilly, bring this petition for writ of certiorari seeking interlocutory review of two separate orders of the trial court. We determine that we lack jurisdiction to review the first of the orders and that it was improper for petitioners to seek review of these two distinct and wholly unrelated orders in this single proceeding. The second order is subject to certiorari review, and we grant the relief requested and quash the order compelling discovery of protected work product.
Respondents brought this action against petitioners based on, among other theories, negligence. According to the amended- complaint filed below, respondent M. Robinson found a severed fingertip in a salad served at an IHOP restaurant. The fingertip was identified as having belonged to Neilly, a prep cook at this IHOP. As a consequence of Neilly’s failure to respond to the respondents’ amended complaint and discovery demands, the court granted respondents’ motion for sanctions against Neilly and entered a default against him. The trial court later denied petitioners’ joint request to set aside the default. Petitioners seek certiorari relief from this order.
In a separate and unrelated order, the trial court ordered ÍHOP to produce a statement taken from Neilly by an investigator for IHOP’s insurer a few weeks after the incident from which this lawsuit arose. Petitioners objected based on Florida Rule of Civil Procedure 1.280(b)(4), contending that the statement was taken “in anticipation of litigation” and, therefore, was privileged from disclosure as work product. Respondents argue that the statement was taken in the “normal course of business,” not “in anticipation of litigation.” Respondents also contend that they demonstrated “need” for the statement under Rule 1.280(b)(4) due to Neilly allegedly making multiple prior inconsistent statements as to the “central issue” of the litigation, the extent of injury to his finger. Petitioners seek certiorari relief from the trial court’s order requiring disclosure of the statement.
*1006 “To be entitled to [issuance of] a writ of certiorari, a party must demonstrate both irreparable harm, further defined as a material injury that cannot be remedied on [direct appeal], and a departure from the essential requirements of law.” Allstate Ins. Co. v. Total Rehab. & Med. Ctrs., Inc., 128 So.3d 1162 (Fla. 4th DCA Mar. 13, 2013) (citing Nader v. Fla. Dep’t of Highway Safety & Motor Vehicles, 87 So.3d 712, 721 (Fla.2012)). Trial court orders compelling discovery of materials potentially protected as work product are subject to certiorari review under this standard, as the harm of disclosure cannot be remedied on plenary appeal. Id. (citing 1620 Health Partners, L.C. v. Fluitt, 830 So.2d 935, 937 (Fla. 4th DCA 2002)). Thus, the order requiring discovery of alleged work product material is properly before this court.
However, the order denying the motion to vacate the simple default— where no final judgment has been entered — is not appealable, nor subject to certiorari review. Lehner v. Durso, 816 So.2d 1171, 1173 (Fla. 4th DCA 2002) (citing Bruno v. A.E. Handy & Assocs., Inc., 787 So.2d 251, 252 (Fla. 5th DCA 2001)); BMW Fin. Servs. NA, LLC v. Alger, 834 So.2d 408, 409 (Fla. 5th DCA 2003); Dawkins, Inc. v. Huff, 836 So.2d 1062, 1065 (Fla. 5th DCA 2003); Fascetti v. Fascetti, 795 So.2d 1094, 1095 (Fla. 4th DCA 2001); see also Shell v. Foulkes, 19 So.3d 438, 440 (Fla. 4th DCA 2009) (“Courts do not have any general jurisdiction under the appellate rules to review non-final orders-such as the entry of a default without a final judgment.”); United Auto. Ins. Co. v. Buchalter, 14 So.3d 1100, 1101 (Fla. 4th DCA 2009) (“[Tjhere is no authority for a non-final appeal from an order striking a defendant’s pleadings and entering a default. ...”).
Further, it was improper for petitioner to seek review of two distinct and separate non-final orders in this single cer-tiorari petition. Had a separate petition been filed as to this first order, we would dismiss. In future cases, this court may very well strike a petition that improperly seeks review of distinct and unrelated orders.
We turn now to the question of whether Neill/s statement was subject to disclosure under Florida Rule of Civil Procedure 1.280(b)(4). Protected work product prepared in anticipation of litigation may include information “compiled in response to some event which foreseeably could be made the basis of a [legal] claim.” Anchor Nat’l Fin. Servs., Inc. v. Smeltz, 546 So.2d 760, 761 (Fla. 2d DCA 1989). In Neighborhood Health Partnership, Inc. v. Peter F. Merkle, M.D., P.A., 8 So.3d 1180, 1183 (Fla. 4th DCA 2009), we relied on the test found in Hickman v. Taylor, 329 U.S. 495, 504, 67 S.Ct. 385, 91 L.Ed. 451 (1947), which extended the work product protection to “[information that] arose after the claim had already accrued,” even if the material was prepared “before suit was filed.” Merkle, 8 So.3d at 1183 (emphasis in original).
Merkle explained this result as follows: When a claim has already accrued, it may be objectively reasonable to anticipate litigation even though suit has not yet been filed. In that circumstance, a party could reasonably claim materials were prepared “in anticipation of litigation” ... in connection with an occurrence or circumstance reasonably indicating prospective litigation over a specific matter.
Id. at 1184 (emphasis supplied).
In this case, the amended complaint alleges negligence, which accrues “at the time the injury is first inflicted.” Ra *1007 phael v. Shecter, 18 So.3d 1152, 1157 (Fla. 4th DCA 2009) (quoting Dep’t of Transp. v. Soldovere, 519 So.2d 616, 617 (Fla.1988)), appeal dismissed and rev. denied, 75 So.3d 1246 (Fla.2011). Here, the “injury was inflicted” on November 23, 2008, when M. Robinson allegedly consumed a salad at IHOP containing some portion of Neilly’s severed fingertip. The statement that Neilly gave IHOP’s insurer on January 2, 2009 was “in anticipation of litigation” that was “reasonably foreseeable.” Fla. R. Civ. P. 1.280(b)(4); Publix Super Mkts., Inc. v. Anderson, 92 So.3d 922, 923 (Fla. 4th DCA 2012).
Experience has shown ... that people [injured on a business premises] try to be compensated for their injuries[;][e]x-perience has also shown ... that bogus or frivolous or exaggerated claims might be made.... Our system ... mandates that each side should be able to ... investigate] without fear of having to disclose it all to its opponents.
Id. (quoting Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307, 308 (Fla. 5th DCA 1983)).
The applicability of the work product exception is not changed by petitioners’ failure to file a privilege log at the time of the hearing below. DLJ Mortg. Capital, Inc. v. Fox, 112 So.3d 644, 646 (Fla. 4th DCA 2013) (finding that failure to file a privilege log is not fatal to an otherwise viable work product claim where the trial court had not yet ruled on other grounds for nondisclosure at the time of the hearing). Furthermore, with respect to respondents’ claim that Neilly made multiple prior inconsistent statements about the extent of his finger injury, this would not justify invading the work product protection. Reviewing courts have uniformly rejected the notion that a party is entitled to the other’s work product merely because of the possibility of generating multiple contradictory' statements for use as impeachment at a subsequent trial. See, e.g., Nat’l Car Rental Sys., Inc. v. Kosakowski, 659 So.2d 455, 456-57 (Fla. 4th DCA 1995); Winn-Dixie Stores, Inc. v. Gonyea, 455 So.2d 1342, 1344 (Fla. 2d DCA 1984).
Accordingly, we grant the petition and quash the trial court’s order directing disclosure of protected work product.

Granted in part.

GROSS, TAYLOR and FORST, JJ., concur.