280 So.2d 484 (1973)
Sidney Wayne RAULERSON, Petitioner,
v.
Thomas FINNEY, Respondent.
No. 73-392.
District Court of Appeal of Florida, Third District.
July 17, 1973.
West, Goldman & Weisberg, Podhurst, Orseck & Parks, Miami, for petitioner.
Alfred Gustinger, Jr., Bolles, Goodwin, Ryskamp & Welcher, Miami, for respondent.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PEARSON, Judge.
We are presented with a petition for writ of certiorari seeking review of an interlocutory order entered by the circuit court directing discovery by the production of "any and all witness statements they [the plaintiff and the defendant] have in their possession concerning the issues in this cause". The petitioner is the defendant in an action for personal injuries allegedly sustained as a result of an automobile collision. The order was entered upon a motion of the plaintiff which set forth two grounds:
* * * * * *
"1. There is a need for these statements in order to properly prepare plaintiff's case for trial.
"2. That it would constitute a substantial hardship to the plaintiff to attempt to obtain the statements otherwise."
* * * * * *
*485 Rule 1.280, RCP, 30 F.S.A., "General Provisions Governing Discovery", effective January 1, 1973, has significantly changed a party's right to the production of witness statements and the procedure to be followed in obtaining those statements. Rule 1.280 provides, among other things, that a party may obtain statements "prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative, including his attorney, consultant, surety, indemnitor, insurer or agent, only upon a showing that the party seeking discovery has need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means".
As a further explication of Rule 1.280, Rule 1.350(a) provides for the production of documents and delineates the scope that a party's request to produce may encompass. Rule 1.350(b) governs the procedure for such a request, and specifically requires that:
"The request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity. The request shall specify a reasonable time, place and manner of making the inspection and performing the related acts. The party to whom the request is directed shall serve a written response within 30 days after the service of the request, except that a defendant may serve a response within 45 days after service of the process ...".
* * * * * *
"For each item or category the response shall state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified. The party submitting the request may move for an order ... concerning any objection or other failure to respond to the request or any part of it, or any failure to permit inspection as requested."
In the case at bar, it is apparent that the trial court has taken a "short cut" in order to expedite the progress of the cause. While there can be no quarrel with the court's purpose, we must hold that the procedure is not permissible. While the cited rules of civil procedure provide for a request and an opportunity to respond, the rules obviously do not call for the unqualified production of every statement without regard for need, and they contain provisions for protection against the production of documents or portions thereof which contain "the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation".[1] The purpose of the rules will be best accomplished by following the prescribed procedure. We do not imply that the procedure cannot be varied by agreement or where the peculiar facts of a case require a change in procedure. However, as the case at bar indicates, where there is an apparent need for the proofs and protections set forth in the rules, then the rules must be followed.
Accordingly, the petition for writ of certiorari is granted and the order directing the parties "to produce any and all witness statements" is quashed. Of course, our action is without prejudice to the respondent to further proceed under the rules.
It is so ordered.
NOTES
[1] Rule 1.280(b) (2), RCP.