318 So.2d 200 (1975)
TRANSAMERICA INSURANCE COMPANY, Petitioner,
v.
Robert MAZE and Shelby Mutual Insurance Company, Respondents.
No. 75-754.
District Court of Appeal of Florida, Second District.
July 30, 1975.
Kenneth L. Ryskamp, Bolles, Goodwin, Ryskamp & Welcher, Miami, for petitioner.
James C. Delesie, Sr., Macfarlane, Ferguson, Allison & Kelly, Tampa, for respondents.
BOARDMAN, Judge.
This cause is before the court on Petition for Writ of Certiorari seeking review *201 of an interlocutory order entered by the trial court compelling petitioner and its co-defendants to produce statements of witnesses they intend to use at trial.
The said order was entered upon a Request to Produce filed by Robert Maze and Shelby Mutual Insurance Co., respondents, who were also co-defendants below. The request was based on Rule 1.350 RCP and petitioner was requested to produce "any and all statements taken from any and all persons which may be used at trial." Petitioner timely objected to said request assigning the following grounds:
1. That there is no showing that said information is not equally available to defendants, Maze and Shelby Mutual.
2. That defendant Transamerica Insurance Company had not determined which of said statements will be used at trial.
The trial court after hearing argument entered an order on all pending motions, the pertinent part of which follows:
"... 6. The objection of ... and Transamerica Insurance Company to the request filed by Robert Maze and Shelby Mutual Insurance Company of Shelby, Ohio, be and the same is hereby overruled in that said production shall be granted as to statements of witnesses said defendants intend to use at trial . .."
Rule 1.350(a), supra, provides for the production of documents that constitute or contain matters within the scope of Rule 1.280(b) and that are in the possession, custody or control of the party to whom the request is directed.
Rule 1.280(b)(2), RCP, 30 FSA, provides, inter alia, that a party may obtain statements
"... prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative, including his attorney, consultant, surety, indemnitor, insurer or agent, only upon a showing that the party seeking discovery has need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. ..." (emphasis supplied)
The request to produce did not assign any reasons for the statements but merely sought them; while the rule clearly places the burden on the movants, respondents here, to show a need for the sought after statements in the preparation of their case. Further, the movants must demonstrate they are unable, without undue hardship, to obtain the equivalent of the statements by any other means. See Raulerson v. Finney, Fla.App.3rd 1973, 280 So.2d 484. Likewise, a review of a variety of federal cases dealing with the identical federal rule (Rule 26) reveals the federal courts, in deciding whether to allow discovery of materials, will examine the motion to produce or other appropriate pleading in order to ascertain the extent of the movant's own diligence in preparing his case for trial. As stated in Florida Civil Practice Before Trial, Third Edition, Section 16.8 at page 396:
"... RCP 1.280(b)(2) should not be allowed to benefit lawyers who simply leave it to the opposition to investigate and prepare a case for trial."
Respondents in the instant case did not make a showing of why the statements are even needed or not obtainable by their own diligence. Absent the prescribed showing as provided in 1.280(b)(2), supra, the attorney-client privilege and/or work product doctrine should remain intact and undisturbed. The respondents are not entitled to unlimited disclosure as a matter of right. See, Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.
*202 Lastly, we point out and emphasize that we are not holding that the statements sought to be obtained here would under any and all circumstances be protected from discovery under the work product theory.
The Petition for Writ of Certiorari is granted quashing paragraph 6 of the trial court's order of May 12, 1975.
HOBSON, Acting C.J., and SCHEB, J., concur.