361 So.2d 722 (1978)
Gregory F. SPEER, Eugene A. Speer and Stonewall Insurance Company, Petitioners,
v.
Joseph DESROSIERS, Jr., a Minor by His Father and Next Friend, Joseph Desrosiers, Sr., and Joseph Desrosiers, Sr., Individually, Respondents.
No. 77-632.
District Court of Appeal of Florida, Fourth District.
February 21, 1978.
Donald F. Jacobs of Pitts, Eubanks, Ross & Rumberger, Orlando, for petitioners.
Eric A. Lanigan of Maher & Overchuck, Orlando, for respondents.
ALDERMAN, Chief Judge.
The respondents, plaintiffs in this personal injury action, served a Request to Produce on the defendants, to which the defendants filed certain objections. Following a hearing, the trial court denied the defendants' objections to some of the requests. The defendants then petitioned this court for writ of certiorari, which we grant on the ground that the plaintiffs failed to make a showing in their request for production "that the party seeking discovery has need of the materials [prepared in anticipation of litigation or for trial] in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials *723 by other means," as required by Fla.R. Civ.P. 1.280(b)(2).
The only words in the plaintiffs' Request to Produce which might be considered a showing of need were these:
Further, plaintiff(s) would state that the above items are relevant to the subject matter of the pending litigation and the plaintiff(s) has need of the materials in the preparation of their case, and the plaintiff(s) are unable without undue hardship to obtain the substantial equivalent by other means.
The record does not reveal what demonstration of need the plaintiffs may have presented during the hearing before the trial court, but in any event we hold that a party requesting production of Rule 1.280(b)(2) materials must include within the request a showing of need and of inability to obtain the substantial equivalent without undue hardship. A "showing" is more than a bare assertion; it consists of specific explanations and reasons.
As for the time when the showing must be made, we believe that a reading of Rule 1.280(b)(2) itself leaves no doubt that a showing in the request for production itself is contemplated. The rule states that a party may obtain discovery "only upon a showing... ." It was obviously intended that the showing should be made as a routine prerequisite to production of Rule 1.280(b)(2) materials, and not that it should be brought out for the first time at a judicial hearing. The same conclusion is implied in Transamerica Insurance Co. v. Maze, 318 So.2d 200, 201 (Fla. 2d DCA 1975):
The request to produce did not assign any reasons for the statements but merely sought them; while the rule clearly places the burden on the movants . . to show a need for the sought after statements in the preparation of their case. Further, the movants must demonstrate they are unable, without undue hardship, to obtain the equivalent of the statements by any other means.
We conclude that the trial court departed from the essential requirements of law, and that the petitioners, if forced to produce items for which the respondents have not made the necessary Rule 1.280(b)(2) showing, would have no remedy on appeal. The petition for writ of certiorari is granted and the case remanded.
LETTS and MOORE, JJ., concur.