439 So.2d 946 (1983)
NORTH BROWARD HOSPITAL DISTRICT, Doing Business As Imperial Point Medical Center, Petitioner,
v.
Antoinette JUDSON, Palm-Aire Country Club, Inc., et al., Respondents.
No. 83-1685.
District Court of Appeal of Florida, Fourth District.
October 12, 1983.
Rehearing Denied November 17, 1983.
Jerome R. Silberberg, of Gibbs & Zei, P.A., Fort Lauderdale, for petitioner.
Richard J. Roselli of Krupnick & Campbell, P.A., Fort Lauderdale, for respondents.
PER CURIAM.
Petitioner/hospital contends that the trial court departed from the essential requirements of the law in requiring it to produce an "incident report." These reports are specifically dealt with in Section 768.41(4), *947 Florida Statutes (1981). We deny certiorari. Having never been apprised by the hospital that "incident reports" are recognized statutorily as attorney work product, the trial court was deprived of the opportunity to rule on the application of the statute to these reports. Furthermore, because the trial court was not aware that the documents the hospital sought to protect were statutorily designated work product, the issue of undue hardship was never ruled upon.
CERTIORARI DENIED.
LETTS, BERANEK and DELL, JJ., concur.