519 So.2d 1022 (1987)
HUMANA OF FLORIDA, INC., a Florida Corporation, D/B/a Humana Hospital Lucerne, and Humana Inc., a Delaware Corporation, Petitioners,
v.
Bruce W. EVANS, Respondent.
No. 87-1764.
District Court of Appeal of Florida, Fifth District.
December 31, 1987.
Rehearing Denied February 9, 1988.
Stephen W. Beik, of Hannah, Marsee, Beik & Voght, Orlando, for petitioners.
Lawrence D. Johnson, of Lawrence D. Johnson & Associates, Orlando, for respondent.
COWART, Judge.
Petitioners, Humana of Florida, Inc. and Humana Inc., seek a writ of certiorari to review and quash an order compelling them to produce an investigative report pertaining to a patient who died while hospitalized. Petitioners contend that the report is work product prepared in anticipation of litigation and is not discoverable absent a showing of need and undue hardship in obtaining the equivalent information.
Although, as respondent argues, it is true that the scope of discovery is a matter within the discretion of the trial court unless an abuse of discretion is shown,[1] the Florida Supreme Court, in Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987), recognized that irreparable injury may result when discovery of material protected by any privilege is ordered. In this case, respondent argues that section 395.041(4), Florida Statutes (1985) specifically provides that reports such as the one in question are subject to discovery.[2] Assuming that the statute is applicable to the report in question, respondent must still comply with Florida Rule of Civil Procedure 1.280(b)(2) and show a need for the material and the inability to obtain the equivalent without undue hardship before production can be properly compelled.[3] Accordingly, the trial court departed from the essential requirements of law in ordering production of the report without first requiring respondent to show need and undue hardship in obtaining equivalent material. The petition for writ of certiorari is granted and the lower court's order is quashed, *1023 without prejudice to allowing respondent an opportunity after remand to make the required showing.
WRIT ISSUED.
COBB and SHARP, JJ., concur.
NOTES
[1] See, e.g., Burroughs Corp. v. White Lumber Sales, Inc., 372 So.2d 122 (Fla. 4th DCA 1979).
[2] Section 395.041(4), Florida Statutes (1985) states that

The incident reports shall be considered to be a part of the work papers of the attorney defending the establishment in litigation relating thereto and shall be subject to discovery...."
[3] See Dade County Public Health Trust v. Zaidman, 447 So.2d 282 (Fla. 3d DCA 1983) (order requiring production of hospital incident reports quashed where no showing was made of undue hardship and need for discovery of statutorily designated work product); North Broward Hospital District v. Judson, 439 So.2d 946 (Fla. 4th DCA 1983) (court must rule on issue of undue hardship before ordering discovery of incident reports statutorily recognized as work product).