ZEHMER, Judge.
Petitioner, Nelle Landrum, petitions for a writ of certiorari to review an interlocutory discovery order entered in her medical malpractice case against the respondents. The order compels production of two witness statements obtained for her counsel by petitioner’s husband. We grant review and quash the order because petitioner has demonstrated that the order substantially departs from the essential requirements of law and may cause irreparable harm that cannot be remedied by way of appeal. See Eyster v. Eyster, 503 So.2d 340 (Fla. 1st DCA), rev. denied, 513 So.2d 1061 (Fla.1987); Florida Cypress Gardens, Inc. v. Murphy, 471 So.2d 203 (Fla. 2d DCA 1985). Petitioner contends that these witness statements were prepared for her attorney in anticipation of litigation and are not discoverable absent a showing of need and undue hardship in obtaining their substantial equivalent. Respondents argue that the statements merely constitute the witnesses’ written recollection of events and cannot be considered attorney’s work product because they do not contain some indication of the personal thought, views, knowledge, or evaluation of the attorney, petitioner, or their agent.
Florida Rule of Civil Procedure 1.280(b)(2) governs the scope of permissible discovery in this circumstance and provides:
... a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that party’s representative, including his attorney, ... only upon a showing that the party seeking discovery has need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.
Respondents do not dispute petitioner’s contention that the subject statements were prepared for use by petitioner’s attorney in this litigation. Since the statements meet these two requirements, they are encompassed by Rule 1.280(b)(2). The language of that rule is clear and unambiguous, and it places the burden on the party requesting discovery to show both a need for the statements and the party’s inability, without undue hardship, to obtain the substantial equivalent of the statements by other means. Transamerica Insurance Company v. Maze, 318 So.2d 200 (Fla. 2d DCA 1975); Humana of Florida, Inc. v. Evans, 519 So.2d 1022 (Fla. 5th DCA 1987). In response to the order to show cause, respondents have not alleged or shown that they met this burden under the rule. Because responsents failed to comply with the requirements of Rule 1.280(b)(2), the trial court departed from the essential require- *996 merits of law in ordering production of the statements.
Both parties argue extensively over whether the statements do or do not in fact constitute attorney’s work product. But that argument is irrelevant in light of rule 1.280(b)(2), which provides a degree of protection for materials prepared for or obtained by counsel in contemplation of litigation. Just as similar witness statements obtained by an adjuster or investigator for a defendant during their investigation in defense of pending or anticipated litigation are protected by this rule, so too are such statements obtained by or on behalf of plaintiff’s counsel protected without showing that the statements are in fact attorney work product in the sense argued by respondents. Therefore, it is unnecessary to determine whether the witness statements may also constitute work product in the strict sense of the word. See Trans-america Insurance Company v. Maze, 318 So.2d at 201, 202.
Rule 1.280(b)(2) does not completely immunize from discovery the information contained in the subject statements, nor the identities of the persons having knowledge of these facts. Respondents may depose or take statements from these witnesses.[1] Moreover, any person having previously made a written statement concerning the action or its subject matter may, upon request, obtain a copy of the statement from the person to whom it was given, Rule 1.280(b)(2), Fla.R.Civ.P., and the copy of the written statement so obtained by the witness is not immune from production by that witness under the rule.
The petition for certiorari is granted and the order requiring discovery is quashed.
SMITH, C.J., and JOANOS, J., concur.

. According to petitioner’s reply brief, respondents have already taken these witnesses’ depositions.