591 So.2d 1143 (1992)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,
v.
Veronica Ann LaFORET and Henry A. LaForet, Her Husband, Respondents.
No. 91-2872.
District Court of Appeal of Florida, Fourth District.
January 8, 1992.
Gail Leverett of Kubicki, Draper, Gallagher & McGrane, P.A., Miami, for petitioner.
George H. Moss and Lisa Harpring of Moss, Henderson, Van Gaasbeck, Blanton & Koval, P.A., Vero Beach, for respondents.
DOWNEY, Judge.
Petitioner seeks review by certiorari of an amended order of the circuit court compelling petitioner to produce its claim file in a suit over a bad faith claim in connection with an uninsured motorist automobile accident injury case.
LaForet noticed the deposition of a State Farm officer and simultaneously required production at the deposition of the carrier's main claims file with the exception of any correspondence claimed to be within the attorney-client privilege.
The company official was deposed. He had the claim file with him, but it was not turned over to respondents. Subsequently, respondents filed a motion to compel. A hearing was held and the trial court granted the production upon a finding that LaForet had demonstrated good cause for seeing the work product documentation, there being no other reasonable means of *1144 obtaining information supporting the bad faith claim.
There is no transcript of the hearing presented. However, the request for production fails to meet the requirements of Rule 1.280(b)(2) to justify production of work product material. The discovery rule in question has been interpreted in several cases, including Speer v. Desrosiers, 361 So.2d 722 (Fla. 4th DCA 1978), and Hartford Accident & Indemnity Company v. U.S.C.P. Co., 515 So.2d 998 (Fla. 4th DCA 1987), to require specific allegations of need and inability to fulfill that need without undue hardship. As the court said in Speer:
The only words in the plaintiffs' Request to Produce which might be considered a showing of need were these:
Further, plaintiff(s) would state that the above items are relevant to the subject matter of the pending litigation and the plaintiff(s) has need of the materials in the preparation of their case, and the plaintiff(s) are unable without undue hardship to obtain the substantial equivalent by other means.
The record does not reveal what demonstration of need the plaintiffs may have presented during the hearing before the trial court, but in any event we hold that a party requesting production of Rule 1.280(b)(2) materials must include within the request a showing of need and of inability to obtain the substantial equivalent without undue hardship. A "showing" is more than a bare assertion; it consists of specific explanations and reasons.
As for the time when the showing must be made, we believe that a reading of Rule 1.280(b)(2) itself leaves no doubt that a showing in the request for production itself is contemplated. The rule states that a party may obtain discovery "only upon a showing... ." It was obviously intended that the showing should be made as a routine prerequisite to production of Rule 1.280(b)(2) materials, and not that it should be brought out for the first time at a judicial hearing.
361 So.2d at 723.
LaForet's pleadings suffer from the same deficiencies as existed in Speer. Accordingly, we grant the petition for writ of certiorari and quash the order compelling production of the claims file.
GUNTHER and FARMER, JJ., concur.