592 So.2d 367 (1992)
NORTH BROWARD HOSPITAL DISTRICT, d/b/a Broward General Medical Center, etc., et al., Petitioners,
v.
William L. BUTTON, etc., et al., Respondents.
No. 91-3080.
District Court of Appeal of Florida, Fourth District.
January 22, 1992.
*368 Linda R. Spaulding and William R. Scherer of Conrad, Scherer & James, Fort Lauderdale, for petitioner-North Broward Hosp. Dist.
George E. Bunnell of Bunnell and Woulfe, P.A., Fort Lauderdale, for petitioners-Aiden O'Rourke, M.D., Imad F. Tabry, M.D. and Imad F. Tabry, M.D., P.A.
Joel S. Perwin of Podhurst Orseck Josefsberg Eaton Meadow Olin & Perwin, P.A., Miami, for respondent-William L. Button.
PER CURIAM.
Petitioners, defendants below in a medical malpractice action, seek review of the trial court's interlocutory orders compelling production of a hospital incident report and other materials claimed to be privileged under the work product doctrine.
We grant the writ, finding that work product materials, even under section 395.041(4), Florida Statutes (1991), are discoverable only upon a showing of need and undue hardship in obtaining the substantial equivalent. See Mount Sinai Medical Ctr. v. Schulte, 546 So.2d 37 (Fla. 3d DCA 1989); Bay Medical Ctr. v. Sapp, 535 So.2d 308, 312 (Fla. 1st DCA 1988); Humana of Florida, Inc., v. Evans, 519 So.2d 1022 (Fla. 5th DCA 1987). We reject respondent's contention that the above-cited cases were incorrectly decided.
We also note that a showing of need and undue hardship is more than a bare assertion and must include specific explanations and reasons. See Procter & Gamble Co. v. Swilley, 462 So.2d 1188 (Fla. 1st DCA 1985); Speer v. Desrosiers, 361 So.2d 722 (Fla. 4th DCA 1978). Here, the unsworn assertions of plaintiff's counsel were insufficient to constitute a showing of need and undue hardship.
Accordingly, the trial court's orders of October 23, 1991, and October 31, 1991, are quashed and this cause is remanded for further proceedings consistent with this opinion.
HERSEY, WARNER and GARRETT, JJ., concur.