632 So.2d 608 (1993)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Veronica Ann LaFORET and Henry A. Laforet, Her Husband, Appellees.
No. 92-2832.
District Court of Appeal of Florida, Fourth District.
December 1, 1993.
Motion for Clarification, Rehearing and Stay Denied March 23, 1994.
Betsy E. Gallagher and Gail Leverett of Law Offices of Kubicki, Draper, Gallagher & McGrane, P.A., Miami, for appellant.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, and Moss, Henderson, Van Gaasbeck, Blanton & Koval, P.A., Vero Beach, for appellees.
Louis K. Rosenbloum of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for amicus curiae The Academy of Florida Trial Lawyers.
POLEN, Judge.
State Farm Mutual Automobile Insurance Company (State Farm) appeals a final judgment entered upon a jury verdict finding that appellant acted in bad faith by refusing to *609 settle the LaForets' claim for uninsured motorist benefits. The jury awarded $24,000 in damages which was subsequently increased to $265,753, pursuant to a motion for additur. The final judgment also awards $141,753 for attorney's fees and $8,774 for costs. We affirm in part and reverse in part.
We reverse the award of appellate attorney's fees of $15,000 for work performed in three prior appeals. Our records indicate the LaForets requested appellate attorney's fees in only one of the prior appeals, State Farm v. LaForet, 591 So.2d 1143 (Fla. 4th DCA 1992). Consequently, they are only entitled to appellate attorney's fees for that one prior appeal.
We find no merit in appellant's contention that the trial court applied the wrong standard of proof to this case and that application of the correct standard warrants a directed verdict in its favor. Contrary to appellant's argument, the trial court did apply the "fairly debatable" standard to this case, as evidenced by the jury instructions. Further, even applying the "fairly debatable" standard to this case does not result in a directed verdict in favor of appellant.
Under the "fairly debatable" standard, an insurer is not liable for bad faith if the evidence shows an objectively reasonable basis for the insurer to deny the first-party claim. See e.g. Anderson v. Continental Ins. Co., 85 Wis.2d 675, 271 N.W.2d 368 (1978). The question of whether the evidence is fairly debatable is for the jury. Here, there was conflicting evidence on the issue, preventing the direction of a verdict in appellant's favor. We do not pass on whether the "fairly debatable" standard should apply in Florida, an issue of first impression raised by appellant, as this case is resolved on other grounds.
We further reject appellant's contention that the trial court erred by granting the LaForets' post-trial motion for additur, based upon amended section 627.727(10), Florida Statutes (Supp. 1992), which states:
(10) The damages recoverable from an uninsured motorist carrier in an action brought under s. 624.155 shall include the total amount of the claimant's damages, including the amount in excess of the policy limits, any interest on unpaid benefits, reasonable attorney's fees and costs, and any damages caused by a violation of a law of this state. The total amount of the claimant's damages are recoverable whether caused by an insurer or by a third-party tort-feasor.
The Legislature explained in Ch. 92-318, 1992 Fla.Laws 3151:
The purpose of subsection (10) of section 627.727, .. . relating to damages, is to reaffirm existing legislative intent, and as such is remedial rather than substantive. This section and section 627.727(10), Florida Statutes, shall apply to all causes of action accruing after the effective date of section 624.155, Florida Statutes.
We find the express intent of the Legislature to be that this statute have retroactive application. Nonetheless, we certify the following question as one of great public importance:
WHETHER AMENDED SECTION 627.727(10), FLORIDA STATUTES (SUPP. 1992), IS A REMEDIAL STATUTE AND HAS RETROACTIVE APPLICATION?
We find no merit in the remaining points on appeal.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HERSEY, J., and WALDEN, JAMES H., Senior Judge, concur.