631 So.2d 323 (1994)
Diane WHEALTON, as Personal Representative of the Estate of Michael Whealton, Deceased, Petitioner,
v.
Martye L. MARSHALL, M.D., Donald B. Hoffman, Jr., M.D., Tummala R. Prasad, M.D., Kevin Traynor, M.D., Lawrence Crouthamel, M.D., Alan Levin, M.D., HCA Health Services of Florida, Inc., d/b/a HCA Medical Center of Port St. Lucie, a foreign corporation, James L. Whittle, M.D., James H. Varnell, M.D., Larry H. Mufson, M.D., Dean D. Mergenthaler, *324 M.D., Andres E. Suarez, M.D., Palm Beach Gardens Community Hospital, Inc., d/b/a AMI Palm Beach Gardens Medical Center, a Florida corporation, Allied Clinical Laboratories, a foreign corporation, Respondents.
No. 93-2789.
District Court of Appeal of Florida, Fourth District.
January 26, 1994.
Philip M. Burlington, Caruso, Burlington, Bohn & Compiani, P.A., and Richard D. Schuler, Schuler, Wilkerson, Halvorson & Williams, P.A., West Palm Beach, for petitioner.
Bonnie Eyler, Santone, Eyler & Lury, P.A., Fort Lauderdale, for respondent Donald B. Hoffman, Jr., M.D.
*325 PER CURIAM.
Petitioner seeks a writ of certiorari to quash an order of the trial court compelling production of two documents. Petitioner argues that the documents are protected from discovery under the presuit investigation statute, section 766.205(4), Florida Statutes, as well as the work product privilege. We grant the petition for writ of certiorari and quash the trial court's order compelling production of the documents.
The documents at issue include an internal memorandum prepared by petitioner's counsel and typed summary notes of petitioner's expert. Section 766.205(4) provides in pertinent part:
No statement, discussion, written document, report, or other work product generated solely by the presuit investigation process is discoverable or admissible in any civil action for any purpose by the opposing party.
The expert prepared the summary notes to assist him in conducting a medical records review months before drafting his verified opinion. Thus, the expert generated these notes as part of the presuit investigation process. As a result, the expert's summary notes are not discoverable by the opposing party under section 766.205(4). Because the trial court's order compels production of the expert's summary notes in violation of this section, the order constitutes a departure from the essential requirements of law and will cause material harm to petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal.
The law firm memorandum, however, does not fall under the presuit investigation privilege because the memorandum was prepared after the presuit investigation process was completed. Thus, the memorandum was not "generated solely by the presuit investigation process" within the meaning of section 766.205(4). The law firm memorandum, however, is protected by the work product privilege. Fla.R.Civ.P. 1.280(b)(3). The memorandum contains petitioner's counsel's opinions relating to potential theories of liability, references to the expert's opinions, and factual summaries of the patient's medical records and respondents' curricula vitae. An attorney's personal notes and records about proposed arguments constitute protected work product. Surf Drugs, Inc. v. Vermette, 236 So.2d 108, 112 (Fla. 1970). Where, as here, the material in question contains mixed fact and opinion work product, the opposing party may be able to obtain access to those portions which contain factual information, while being denied access to the rest. State v. Rabin, 495 So.2d 257, 263 (Fla. 3d DCA 1986).
To be entitled to discover the limited factual portions of the memorandum, respondents must demonstrate that they meet the need and hardship exception to rule 1.280(b)(3). This need and hardship must be alleged in the motion to compel. State Farm Mutual Automobile Ins. Co. v. LaForet, 591 So.2d 1143, 1144 (Fla. 4th DCA 1992). Because respondents' motion below contains no claim that the factual information in the memorandum is needed for the forthcoming evidentiary hearing or that the information cannot be obtained from any other source without undue hardship, the motion was facially insufficient to compel production and should have been summarily denied. Id. at 1144. Furthermore, respondents already have access to better and more probative versions of the expert's opinion than the information contained in the memorandum. They have obtained copies of the expert's files and written opinion and have now had the opportunity to depose the expert regarding his opinion. In addition, respondents have equal or superior access to their own patient medical records and curricula vitae, so they can show no legitimate need for this information contained in the law firm memorandum. Respondents have failed to demonstrate either need or lack of access sufficient to allow discovery of the factual information contained in the law firm memorandum which is protected by the work product privilege.
Neither the expert's summary notes nor the law firm's internal memorandum are discoverable. Accordingly, we grant the petition for writ of certiorari and quash the trial *326 court's order compelling production of the documents.
PETITION FOR WRIT OF CERTIORARI GRANTED.
GUNTHER and PARIENTE, JJ., concur.
WARNER, J., concurs specially with opinion.
WARNER, Judge, concurs specially.
I concur in the majority opinion that the documents in question are neither discoverable nor admissible in court by the opposing party, as set forth in section 766.205(4). Respondent concedes that in this case the trial court was not precluded from considering them in camera in making its determination under § 766.206(2), as apparently was done in Williams v. Powers, 619 So.2d 980 (Fla. 5th DCA 1993).