ON REHEARING GRANTED

PER CURIAM.
Following the dissolution of a law firm partnership, Alex Hofrichter, P.A., f/k/a Hofrichter & Quiat, P.A. (Hofrichter) moved for production of the claims files of Pacific Employer’s Insurance Company (PEIC) relating to various claims made by and against Hofri-chter’s former partner, litigation Hofrichter claimed it had financed. PEIC objected, arguing that the documents sought were privileged. The lower court referred the matter to a special master. The special master reviewed the documents and categorized them as privileged or non-privileged. Hofrichter then entered his exceptions to the special master’s report and recommendations.
After a hearing for which no transcript is presented, the lower court partially granted Hofrichter’s exceptions and issued an order requiring PEIC to produce certain files containing information previously determined by the special master to be work product. We deny certiorari review, finding that absent the hearing transcript, we are obliged to assume that at the hearing below, Hofrichter made the showing necessary to entitle it to obtain the documents thereafter ordered produced.
Rule 1.280(b) provides in pertinent part:
(3) Trial Preparation: Materials. ... a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that party’s representative ... only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.
Petitioners Inapro, Inc. and PEIC argue that Hofrichter’s request for production and exceptions to the special master’s report do not meet the requirements of Florida Rule of Civil Procedure 1.280(b), and cite State Farm Mutual Auto. Ins. Co. v. LaForet, 591 So.2d 1143, 1144 (Fla. 4th DCA 1992), where the fourth district states, in part:
[W]e hold that a party requesting production of [work product] materials must include within the request a showing of need and an inability to obtain the substantial equivalent without undue hardship.... It was obviously intended that the showing should be made as a routine prerequisite to production ..., and not that it should be *281 brought out for the first time at a judicial hearing.
Id. (citing Speer v. Desrosiers, 361 So.2d 722 (Fla. 4th DCA 1978)). We do not agree with LaForet and Speer that the showing of need and undue hardship must be included in the request for production of documents. The rules of civil procedure contain no such requirement.
The fourth district has recently modified its views on this issue. In Whealton v. Marshall, 681 So.2d 323 (Fla. 4th DCA 1994), the court said, “This [showing of] need and hardship must be alleged in the motion to compel.” Id. at 325 (citing LaForet). The Fourth District has thus interpreted its own precedents to allow the showing of need and undue hardship to be made in the motion to compel.
Under Florida Rule of Civil Procedure 1.350(b), the response to a request for production of documents “shall state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for the objection shall be stated.” Id.; DeBartolo-Aventura, Inc. v. Hernandez, 638 So.2d 988, 990 (Fla. 3d DCA 1994). “The party submitting the request may move for an order under rule 1.880 concerning any objection ... or failure to permit inspection as requested.” Fla.R.Civ.P. 1.350(b) (emphasis added); see Raulerson v. Finney, 280 So.2d 484, 485 (Fla. 3d DCA 1973). A motion under rule 1.380 is a motion to compel discovery. Fla.R.Civ.P. 1.380(a). The motion to compel discovery must contain a particularized showing that the movant meets the need and undue hardship standard of rule 1.280(b)(3). North Broward Hosp. Dist. v. Button, 592 So.2d 367, 368 (Fla. 4th DCA 1992); see also Procter & Gamble Co. v. Smiley, 462 So.2d 1188, 1194-95 (Fla. 1st DCA 1985); Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307, 308 (Fla. 5th DCA 1983), rev. denied, 446 So.2d 100 (Fla.1984).
In the present case, it appears that Hofrichter did not file a particularized motion to compel production of documents, and Hofrichter’s exceptions to the master’s report were very conclusory. However, in order to preserve the point for appellate review, it was necessary for Inapro to make a timely objection in the trial court. Inapro has not provided us with a transcript of the proceedings below, in the absence of which there is no way to determine whether Inapro made a timely objection. That being the case, we deny certiorari.
Accordingly, we deny the relief sought.[1]

. Inapro asks that we certify direct conflict with LaForet and Speer. We decline to do so in light of Whealton.