713 So.2d 1020 (1998)
SCOTTY'S, INC., Petitioner,
v.
Maria OLIVIERI, Respondent.
No. 98-183.
District Court of Appeal of Florida, Fifth District.
May 8, 1998.
Craig J. Cannon of Weiner & Cannon, P.A., Ocala, for Petitioner.
Wayne C. McCall of Ayres, Cluster, Curry, McCall & Briggs, P.A., Ocala, for Respondent.
W. SHARP, Judge.
Scotty's, Inc. (Scotty's) petitions this court for a writ of certiorari to quash the trial court's order compelling discovery. Olivieri sued Scotty's for damages she suffered resulting from a slip and fall on Scotty's premises. The trial court, after a hearing, ordered Scotty's to produce a copy of an accident report which had been attached to Scotty's General Liability Loss Notice, but which had not been furnished to Olivieri pursuant to an earlier oral ruling.
There is apparently a dispute in this case as to whether the report is privileged as Scotty's work product,[1] and whether Olivieri made a sufficient showing of need and undue hardship. Although a contested *1021 hearing was held concerning this matter, no transcript of the hearing on the motion to compel was furnished to us. Absent a transcript, we must assume that either no proper objection was made by Scotty's or that a sufficient showing of need and undue hardship was made. Inapro, Inc. v. Alex Hofrichter, P.A., 665 So.2d 279 (Fla. 3d DCA 1995), rev. dismissed, 675 So.2d 120 (Fla. 1996). See also Arthur v. Gibson, 654 So.2d 983 (Fla. 5th DCA 1995) (certiorari denied where petitioner failed to supply transcript of hearing, so correctness of trial court's ruling must be presumed).
The burden of showing the appellate court that the trial court's order departed from the essential requirements of law is on the petitioner, Scotty's. Petitioner failed to carry that burden in this case.
Petition for Writ of Certiorari DENIED.
GRIFFIN, C.J., and THOMPSON, J., concur.
NOTES
[1] Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1983), rev. denied, 446 So.2d 100 (Fla.1984), holds that incident reports prepared in anticipation of litigation are work product and under rule 1.280(b)(2). Thus, production of such reports can only be compelled after a showing of need and inability to obtain the substantial equivalent without undue hardship. See also Intercontinental Properties, Inc. v. Samy, 685 So.2d 1035 (Fla. 3d DCA 1997).