PALMER, J.
Petitioners, Peggy and Earl Aldrich, seek certiorari review of an order which disqualifies their attorney from representing them or any other party in this contested probate proceeding based upon the finding that the attorney is a necessary and indispensable witness in this matter. We deny the petition.
In seeking certiorari relief, the Aldrieh-es contend that disqualification is unwarranted because their attorney is not an indispensable witness, that disqualification would work a substantial hardship on them, and that the trial court failed to *339 properly conduct an evidentiary hearing to determine if their attorney was an indispensable witness. However, it is impossible for this court to determine whether the issues raised in this petition were properly presented below and whether the trial court ruled thereon because the Aldriches have failed to provide this court with a transcript of the hearing held below or an approved statement of the evidence and proceedings as authorized under Florida Rule of Appellate Procedure 9.200(b)(4). Although the Aldriches submitted affidavits and various deposition testimony to this court by way of an appendix to their petition, it is impossible to verify which attachments to the petition were actually introduced into evidence or considered by the trial court. As such, the Aldriches have failed to meet their burden of proof. See Colby Materials Inc., v. Caldwell Constr., Inc., 868 So.2d 584 (Fla. 5th DCA 2004)(holding that the failure to provide the court with either a transcript of the hearing or an approved statement of the evidence and proceedings pursuant to rule 9.200(b)(4) of the Florida Rules of Appellate Procedure results in a failure to sustain the burden of proving any error); Scotty’s, Inc. v. Olivieri, 713 So.2d 1020 (Fla. 5th DCA 1998)(holding that, absent transcript, the appellate court will assume that a sufficient showing was made to support the order entered below).
PETITION DENIED.
ORFINGER and MONACO, JJ., concur.