WENTWORTH, Judge.
Petitioners seek review by certiorari of an order granting respondent discovery of investigative materials prepared on behalf of a nonparty. We find the order, to the extent that it permits discovery of these materials for lack of substantial equivalence of available testimony, departs from the essential requirements of law.
Respondent’s decedent was killed during employment for National Linen Service, which was not a party to the action. Respondent brought a wrongful death action against the individual petitioners, who are the corporate officers, directors and employees of National Linen. Shortly after the accident occurred National Linen, on the advice of its attorney, hired an investigator to conduct an inquiry into the accident. After suit was filed, respondent issued a subpoena duces tecum to the investigator requesting witness statements obtained during that investigation. National Linen moved for a protective order alleging that the requested materials were protected work product under Rule 1.280(b)(3), Florida Rules of Civil Procedure.
Respondent opposed the motion, asserting that National Linen was not a party and therefore could not claim a- work product privilege in this litigation. Respondent also contended that even if the requested material was protected work product, she had overcome that privilege. Respondent stated that she had taken the depositions of two National Linen employees and that both employees were vague concerning their conversations with the investigator, although they were able to testify fully about their knowledge of the facts surrounding the accident. Respondent argued that because of the employees’ “inability to recollect the gist of statements made to other people during the investigation,” she was unable to obtain the substantial equivalent of the information contained in the investigator’s files.
The trial court denied the motion for protective order, finding that although National Linen was the proper entity to assert the privilege and the material sought was indeed protected work product, the respondent had shown the requisite need and inability to obtain the substantial equivalent *89 without undue hardship to overcome that privilege.
Rule 1.280(b)(3) of the Florida Rules of Civil Procedure states that
a party may obtain discovery of documents ... prepared in anticipation of litigation ... by or for another party or by or for that party’s representative ... only upon a showing that the party seeking discovery has need of the materials in the preparation of his ease and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.
The trial court correctly interpreted Rule 1.280(b)(3) in finding that the investigator’s files were within the work product privilege and correctly held that National Linen could properly assert that privilege in this litigation. Respondent, by arguing that National Linen cannot assert a work product privilege herein, is attempting to gain access indirectly to materials which she could not directly discover if National Linen were an actual party to the suit. The work product privilege would be circumvented if by simply suing a party closely involved in the subject incident, an adverse party could obtain privileged documents merely because the entity who actually produced the work product materials was not a named party. See generally, Republic Gear Co. v. Borg-Warner Corp., 381 F.2d 551 (2d Cir.1967).
However, the trial court erred in its ultimate finding that the respondent could not obtain the substantial equivalent of the investigator’s files, because an improper standard was used as the measure of comparison in determining if respondent already had the substantial equivalent as required under Rule 1.280(b)(3). Respondent’s inability to obtain the actual contents of the witnesses’ conversations to others concerning the accident is not the critical issue. The relevant inquiry instead is whether respondent could obtain the facts surrounding the accident as related by those witnesses. Here, respondent has deposed two National Linen employees who, although they were unable to recall their conversation with the investigator, were able to testify fully concerning the accident and other related matters. The substantial equivalent of the investigator’s files in the context here is not the verbatim statements to the investigator. Instead, it is the substance of those facts gleaned from the witnesses. Respondent therefore cannot demonstrate the inability to obtain the substantial equivalent of the investigator’s materials when respondent has already received that equivalent. National Linen’s work product privilege has not been overcome and discovery should not be permitted. See generally Adventist Health Sys./Sunbelt, Inc. v. Lake, 556 So.2d 819 (Fla. 5th DCA 1990).
The order granting discovery is quashed and the cause is remanded with directions that the trial court grant petitioners’ motion for a protective order.
NIMMONS and ALLEN, JJ., concur.