651 So.2d 188 (1995)
HEALTHTRUST, INC.  THE HOSPITAL COMPANY, d/b/a Plantation General Hospital, and Hospital Development & Service Corp., individually and as General Partner of Plantation General Hospital, Limited Partnership, d/b/a Plantation General Hospital, Ezequiel Cartaya, M.D., John R. Williams, M.D., and Neonatology Certified, P.A., etc., et al., Petitioners,
v.
Nicole SAUNDERS, a minor, by and through her parent and natural guardian, Benita Saunders, and Benita Saunders, individually, Respondents.
No. 94-2604.
District Court of Appeal of Florida, Fourth District.
February 23, 1995.
John W. Mauro of Billing, Cochran, Heath, Lyles & Mauro, P.A., Fort Lauderdale, for petitioner  Healthtrust, Inc.  The Hospital Co., d/b/a Plantation Gen. Hosp.
Esther E. Galicia of George, Hartz, Lundeen, Flagg & Fulmer, Coral Gables, for *189 petitioners  Ezequiel Cartaya, M.D., John R. Williams, M.D., and Neonatalogy Certified, P.A.
Jonathan M. Pavsner of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for respondents.
PER CURIAM.
In a medical malpractice action, the trial court entered an order compelling production by petitioner of an incident report said to be protected by the work product privilege. By petition for Writ of Certiorari, petitioner, hospital, asks that we quash the order in question.
Non-final orders for which no appeal is provided under rule 9.130, Florida Rules of Appellate Procedure, such as the challenged order in the instant case, are reviewable by certiorari only in very limited circumstances. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987). Such orders must depart from the essential requirements of law, causing material harm to the petitioner throughout the remainder of the proceedings below, leaving the petitioner with no adequate remedy on appeal. Id. In some instances certiorari will lie to review orders compelling discovery of work product information. ICI Explosives USA Inc. v. Douglas, 643 So.2d 707 (Fla. 4th DCA 1994).
Hospital incident reports are part of the workpapers of the attorney defending a licensed facility in litigation and are subject to discovery upon a showing of need and inability without undue hardship to obtain the substantial equivalent by other means. § 395.0197(4), Fla. Stat. (1993); Fla.R.Civ.P. 1.280(b)(3); Bay Medical Center v. Sapp, 535 So.2d 308 (Fla. 1st DCA 1988).
Petitioners maintain that respondents have not made the showing required by rule 1.280(b)(3), Florida Rules of Civil Procedure, of need and undue hardship in obtaining the substantial equivalent of the material. They maintain that respondents have obtained the substantial equivalent through depositions of the witnesses and parties involved. They also argue that testimonial conflicts and disputes are insufficient to constitute a showing of need and undue hardship, and are insufficient to avoid the protection afforded by the work product privilege. Petitioners additionally argue that respondents' showing in support of requiring production of the incident report was nothing more than unsworn argument of counsel or a bare assertion of need and undue hardship which is insufficient to satisfy the required showing. They contend that respondents have not stated with specificity exactly what information is being sought from the report. They also argue that respondents have not shown that the report actually is the substantial equivalent of the depositions and record since the trial court has not reviewed the report in camera and respondents have no knowledge of the report's contents.
We need not dwell on respondents' explanation of the need for examination of the incident report. We conclude, based on established case law, that the trial court's ruling departs from the essential requirements of the law. Respondents' need for the report to prosecute their lawsuit, and inconsistencies in testimony and discrepancies are not a basis to compel production. The fact that the incident report may contain additional information of the incident is likewise an insufficient basis to compel production. Furthermore, as petitioners point out, the trial court has not inspected the report in camera, and there has been no indication that the report is a contemporaneous recordation of the events especially since the nurse who completed the report stated in deposition testimony that the report was prompted by transport of the child to another facility.
We grant the petition, quash the order and remand for further appropriate proceedings.
GRANT WRIT; QUASH ORDER; REMAND.
HERSEY and STEVENSON, JJ., concur.
STONE, J., dissents without opinion.