659 So.2d 455 (1995)
NATIONAL CAR RENTAL SYSTEM, INC., a foreign corporation, Petitioner,
v.
Edward T. KOSAKOWSKI, as Personal Representative of the Estate of Edward N. Kosakowski and Shirley Kosakowski, deceased, and Robert Olswang, as Personal Representative of the Estate of Jean Bosch, Respondents.
No. 94-3671.
District Court of Appeal of Florida, Fourth District.
August 16, 1995.
Duncan B. Dowling III, of Rogers, Dowling, Fleming & Coleman, P.A., Orlando, for petitioner.
Edna L. Caruso of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and Phillips & Gale, P.A., Port St. Lucie, for respondent-Edward T. Kosakowski.
*456 PARIENTE, Judge.
In this wrongful death action arising out of an automobile accident, petitioner National Car Rental (defendant National Car) seeks review of a discovery order compelling production from its claims files of materials "probative of the events, circumstances and persons present immediately prior to and during the rental of defendant's vehicle to Jean Bosch, deceased." We grant certiorari and quash the order, finding that it is both overly broad and that respondent (plaintiff) did not demonstrate exceptional circumstances to overcome the work product privilege.
An order compelling production of privileged work product materials from a litigant's file is exactly the type of discovery order properly reviewable by certiorari. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987); Healthtrust, Inc. v. Saunders, 651 So.2d 188 (Fla. 4th DCA 1995); Lifshutz v. Citizens and Southern National Bank of Florida, 626 So.2d 252 (Fla. 4th DCA 1993). Once a litigant is compelled to produce work product, the cat is out of the bag and the harm is done.
Defendant National Car rented the vehicle which was being driven by decedent Jean Bosch, whose faculties plaintiff contends were substantially impaired by alcohol, valium and marijuana. Plaintiff claims that defendant National Car should not have rented the vehicle to Bosch; therefore, what the rental agent observed concerning Bosch's state at the time of the rental is a relevant area of inquiry to plaintiff's punitive damages claim against National Car.
Plaintiff's motion for disclosure of certain work product information in the National Car claims file was predicated on the fact that the National Car agent, Melissa Thackston, who rented the car to Bosch, had given three different versions of the circumstances of the rental to Bosch. Plaintiff had previously sought work product information from the National Car claims file and the trial court had sustained National Car's work product objections after an in camera inspection. However, plaintiff renewed the motion after obtaining the claims file of Allstate Insurance Company (Allstate) pursuant to a subpoena duces tecum without deposition. Allstate insured Bosch and objected to the production of its file, but the trial court overruled Allstate's objections.
The Allstate claims file included a narrative of a conversation with Thackston which was at odds with her deposition testimony. When Thackston's deposition was taken, she testified under oath that Bosch appeared calm. However, in a conversation with the Allstate claims agent very shortly after the accident, which is documented in the Allstate claims file, Thackston explained that Bosch "seemed very upset and had mentioned that she had had a fight with her boyfriend." Thackston's deposition testimony is also contradicted by the testimony of additional witnesses discovered by plaintiff in this case.
Part of defendant National Car's argument in support of its petition is that the trial court improperly relied on any information obtained by plaintiff from the Allstate claims file in ordering production of defendant National Car's work product because defendant National Car did not receive notice of the hearing on Allstate's objections. Any attempt by defendant National Car to now attack the order compelling production of Allstate's file is untimely. Nevertheless, we fail to understand how the fact that plaintiff obtained materials from the Allstate file, which will certainly aid plaintiff in materially impeaching Thackston's deposition testimony, would justify the trial court's decision that portions of defendant National Car's file, previously determined to constitute work product, would now be discoverable.
The fact that Thackston's statement to Allstate may contradict her deposition or other statements in plaintiff's possession does not constitute a valid reason for invading defendant National Car's work product file to obtain yet another potentially inconsistent statement. Taken to its logical conclusion, this argument would allow a party to obtain work product statements whenever it established a contradiction between deposition testimony and a statement in its possession. In comparison with many cases where a litigant must generally rely on the testimony of a witness given in a deposition, in this case *457 plaintiff has benefitted by obtaining through discovery the statement contained in the Allstate claims file in addition to Thackston's signed statement  both of which were given before Thackston's deposition.
Plaintiff asserts entitlement to a portion of National Car's claims file because he has no other independent means to verify which of the three versions is accurate. However, plaintiff offers no substantiation for his position that the information in National Car's file will reveal the truth of what occurred at the time of the rental as opposed to constituting one more potentially inconsistent version.
Plaintiff also stresses that the trial court had previously inspected National Car's file in camera. Notwithstanding, the order compelling production contains no findings or otherwise indicates that it was based on the in camera review. As defendant National Car points out, the trial court actually denied production after inspecting the documents in camera. It was only after plaintiff received the Allstate claims file that the trial court determined that an undue hardship exception had been established.
It is axiomatic that "[a] party may not be required to set out the contents of statements, absent rare and exceptional circumstances... ." Surf Drugs, Inc. v. Vermette, 236 So.2d 108, 113 (Fla. 1970). As we recently noted, "inconsistencies in testimony and discrepancies are not a basis to compel production" of work product materials. Health-trust, 651 So.2d at 189; see also Zaban v. McCombs, 568 So.2d 87 (Fla. 1st DCA 1990); Winn-Dixie Stores, Inc. v. Gonyea, 455 So.2d 1342 (Fla. 2d DCA 1984). Inconsistencies in a witness's version of an event, without more, do not give rise to a showing of inability "without undue hardship to obtain the substantial equivalent of the material by other means" pursuant to rule 1.280(b)(3) of the Florida Rules of Civil Procedure. Additionally, in this case, the language of the order entered was overly broad and went beyond ordering production of Thackston's statement, although apparently that was the primary thrust of the motion. Therefore, we grant certiorari and quash the order under review.
STEVENSON and SHAHOOD, JJ., concur.