664 So.2d 332 (1995)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
ELECTRONIC DATA SYSTEMS CORPORATION, formerly known as E.D.S. Federal Corporation, a Foreign Corporation, Appellee.
No. 95-3774.
District Court of Appeal of Florida, First District.
December 14, 1995.
Robert A. Butterworth, Attorney General, Giselle Lylen Rivera, Assistant Attorney General, Steven H. Parton, Assistant Attorney General, and Denis Dean, Assistant Attorney General, Tallahassee, for appellant.
Joseph T. Casey, Jr., Deputy General Counsel, Herndon, Virginia; John Radey and Robert L. Hinkle of Radey, Hinkle, Thomas & McArthur, Tallahassee; and John R. Beranek of MacFarlane, Ausley, Ferguson & McMullen, Tallahassee, for appellee.

ORDER ON MOTIONS
PER CURIAM.
This proceeding arises out of the litigation between The State of Florida, Department of Health and Rehabilitative Services (HRS) and Electronic Data Systems Corporation (EDS) over the contract to develop the Florida On-line Recipient Integrated Data Access (FLORIDA) computer system. The parties entered into an agreement to engage in alternative dispute resolution (ADR). Proceedings began before a special master on January 9, 1995. More than two months later, HRS moved to dissolve the ADR agreement alleging fraud on the part of EDS in performance of the contract. This motion was denied by the trial court and HRS took this appeal.
*333 EDS now moves to dismiss this appeal, asserting that there is no jurisdiction for this non-final appeal. HRS argues that jurisdiction is appropriate under either Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v), as the order determines the entitlement of a party to arbitration, or rule 9.130(a)(5), as an order entered on a motion pursuant to Florida Rule of Civil Procedure 1.540. We find neither appellate rule to be applicable. At the time of the entry of the trial court's order here appealed, the parties had already entered into the ADR proceeding. Even if this was an arbitration proceeding, which EDS disputes, the purpose of rule 9.130(a)(3)(C)(v) is to afford appellate review before a party enters into arbitration. Likewise, as no judgment has been entered and no motion made pursuant to rule 1.540, jurisdiction will not lie under rule 9.130(a)(5).
HRS also makes an alternative request for certiorari review, but it has made no showing that the order of the trial court is a departure from the essential requirements of law which cannot be remedied on final appeal. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987).
Accordingly, it is ordered as follows:
1. EDS's motion to dismiss the appeal is granted and this appeal is hereby dismissed;
2. Because EDS has withdrawn its motion to vacate the automatic stay, no action is necessary in connection therewith;
3. HRS's motion to reinstate the stay is denied;
4. EDS's motion for attorney's fees is denied; and
5. HRS's motion to stay trial court review of exception to the report and recommendation of the special master is denied.
SO ORDERED.
JOANOS, MICKLE and VAN NORTWICK, JJ., concur.