898 So.2d 1191 (2005)
Bertha HENDERSON, as Personal Representative of the Estate of Charles L. Henderson, Deceased, Appellant,
v.
TANDEM HEALTH CARE OF JACKSONVILLE, INC., A Florida Corporation, and Tandem Health Care, Inc., A Foreign Corporation, Appellees.
Nos. 1D04-5516, 1D05-0398.
District Court of Appeal of Florida, First District.
April 7, 2005.
*1192 Paul S. Boone, Jacksonville, for Appellant.
Thomas A. Valdez and Matthew T. Roach, of McCumber, Inclan, Daniels, Valdez, Buntz & Ferrera, P.A., Jacksonville, for Appellees.
PER CURIAM.
Having considered the appellant's response and supplemental response to this Court's orders issued on January 4, 2005, and January 25, 2005, as well as the appellees' reply to the appellant's response, these appeals are hereby dismissed as premature. All pending motions in these appeals are hereby denied as moot.
The appellant filed a timely notice of appeal seeking review of a nonfinal "Order on Defendants' Motion for Sanctions and Motion to Dismiss Plaintiff's Complaint with Prejudice, and Plaintiff's Motion for Sanctions," entered on November 16, 2004. The appellant indicated in her notice of appeal that this nonfinal order was appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), which allows an appeal of orders that determine the entitlement of a party to arbitration. The order on appeal required the plaintiff to reschedule non-binding arbitration and to proceed at the rescheduled non-binding arbitration in a reasonable manner and in good faith. Furthermore, the order specifically required the parties to "actively participate at the hearing." However, this order did not determine "the entitlement of a party to arbitration" as required under rule 9.130. Rather, the determination of entitlement was made in the trial court's original order referring the parties to arbitration, and the trial court was not required to make this finding anew upon the appellant's failure to participate in the previously ordered arbitration proceeding. See Department of Health and Rehabilitative Services v. Electronic Data Systems Corp., 664 So.2d 332, 333 (Fla. 1st DCA 1995); Crawford v. Dwoskin, 729 So.2d 520 (Fla. 3d DCA 1999).
The appellant filed a subsequent appeal seeking review of a nonfinal "Order Denying Plaintiff's Motion to Dispense with Arbitration," entered on December 31, 2004. This order addressed the same issues as those decided in the November 16, 2004, order. These two appeals have been consolidated for all purposes. The December 31, 2004, order is not a final order nor is it appealable pursuant to rule 9.130 under the same reasoning as applied to the November 16, 2004, order.
DISMISSED.
WOLF, C.J., DAVIS and PADOVANO, JJ., concur.