PER CURIAM.
 

 Petitioner seeks relief from an order compelling it to produce its claims file for the ostensible purpose of allowing its former employee to refresh her memory prior to her deposition. Petitioner’s former employee was its risk manager. She apparently assembled or prepared the contents of the claims file. Respondent scheduled
 
 *1078
 
 her deposition and obtained the challenged order directing Petitioner to produce its claim file at the deposition. For purposes of this proceeding, Respondent conceded that the contents of the claims file are immune from discovery as work product.
 
 But see Bankers Sec. Ins. Co. v. Symons,
 
 889 So.2d 93, 96 (Fla. 5th DCA 2004) (not all documents in claims file are privileged). Respondent further conceded that only the deponent will view the file and that no waiver of any privilege will result from the production of the file for this limited purpose. Although a theoretical case may be made for the production of work product to refresh a witness’s memory when the evidence is not otherwise available, thus far, Respondent’s showing is entirely conjectural.
 
 See Zaban v. McCombs,
 
 568 So.2d 87, 89 (Fla. 1st DCA 1990) (where witness could recall facts concerning accident, improper to order production of witness’s statements);
 
 Adventist Health Sys./Sunbelt, Inc. v. Lake,
 
 556 So.2d 819, 819 (Fla. 5th DCA 1990) (production of work product to refresh recollection of witness erroneous where respondents could have obtained substantial equivalent of witness’s statements). Accordingly, we quash the order under review to the extent that it orders the production of the file at the deposition.
 

 PETITION GRANTED; ORDER QUASHED.
 

 ORFINGER, C.J., GRIFFIN and TORPY, JJ., concur.