EVANDER, J.
Appellants filed a timely notice of appeal seeking review of a non-final order denying their motion for relief from an order compelling arbitration. The trial court’s earlier order compelling arbitration was affirmed by this court approximately three years ago. Cohen v. D.R. Horton, 41 So.3d 913 (Fla. 5th DCA 2010). We conclude that the instant order is not appeal-able under Florida Rule of Appellate Procedure 9.130 and that, even if the notice of appeal is treated as a petition for certiora-ri, Appellants are not entitled to relief.
In February 2009, Appellants filed a putative class action against Horton alleging various violations of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701-1720 (2006). Based on an arbitration clause in the parties’ contract, Horton moved to compel arbitration. In November 2009, the trial court granted Horton’s motion to compel arbitration and abated the case pending the conclusion of the arbitration. Appellants appealed that order, arguing that the arbitration clause was unenforceable because the attorneys’ fees provision contained therein was allegedly inconsistent with the federal statute. This court per curiam affirmed on August 10, 2010.
In March 2012, the trial court entered an order requiring the parties to report on the status of the arbitration. One month later, the trial court entered an Agreed Order Appointing Arbitrator. The stipulated order reflected that the arbitrator, attorney Gary Salzman, would be paid at the rate of $425.00 per hour plus expenses. The Agreed Order further provided:
3. Arbitration Deposits & Account Statements. The Parties shall pay the Arbitrator’s law firm an initial trust deposit in the total combined amount of Six Thousand and 00/100 Dollars ($6,000.00) within ten (10) days from the date of this Order. Once the final arbitration hearing is scheduled, the Arbitrator shall provide the Parties with written notice, increasing the initial trust deposit to include fees, costs, expenses and disbursements which the Arbitrator estimates will be incurred to complete the arbitration proceeding through and including the entry of a final award. Said increased trust deposit shall be paid by the Parties within ten (10) days from the date of the Arbitrator’s notice. The Arbitrator’s law firm shall provide the Parties’ counsel with monthly statements reflecting all fees, costs, expenses and disbursements incurred and applied against said trust deposits. The Arbitrator shall not be required to obtain the Court’s approval of any fees, costs, expenses and disbursements incurred prior to payment by the Parties or application of the Parties’ trust deposits.
4. Payments by the Parties. All total payments to the Arbitrator’s law firm as required hereunder shall be paid fifty percent (50%) by Plaintiffs and fifty percent (50%) by Defendant, but such payments may be awarded by the Arbitrator to the prevailing party in the arbitration proceeding.
On June 7, 2012, the arbitrator entered an Order on Preliminary Issues concluding that Appellants could not pursue the arbitration on behalf of a putative class. Two weeks later, the arbitrator entered a follow-up order setting the final arbitration hearing for December 10 and 11, 2012. On *1123 the same day, the arbitrator also e-mailed the parties’ counsel an estimate of his fee for the remainder of the proceedings— $28,050 (66 hours at $425.00/hour). When Appellants failed to pay their share of the deposit within the time period set forth in the Agreed Order, the arbitrator dismissed the arbitration without prejudice.
On January 18, 2018, shortly before a long-scheduled status conference hearing, Appellants filed a motion for relief from order compelling arbitration (hereinafter “motion for relief’), arguing that the trial court should determine that the contract arbitration provisions were unenforceable under the prohibitive cost doctrine. The prohibitive cost doctrine is derived from Green Tree Financial Corp.-Alabama v. Randolph, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000). There, the Supreme Court recognized that an arbitration clause could be rendered unenforceable where the existence of substantial arbitration costs would otherwise preclude a litigant from effectively vindicating his or her federal statutory rights. Id. at 90, 121 S.Ct. 513; see also Fi-Evergreen Woods, LLC v. Estate of Vrastil, 118 So.3d 859 (Fla. 5th DCA July 5, 2013).
In their motion for relief, Appellants asserted that because the arbitrator had ruled that the case could not proceed as a class action, Appellants’ counsel was no longer willing to advance the costs of litigation and Appellants could not afford to pay the arbitrator’s requested deposit. “Personal Financial Statements” were attached as exhibits to the motion for relief purporting to reflect Appellants’ respective current financial conditions. These financial statements did not reflect Appellants’ current incomes and only set forth non-detailed summaries of their assets and liabilities.
A status conference hearing was held on January 22, 2013. Three days later, the trial court entered an order denying Appellants’ motion for relief and directing Appellants to pay the required deposit within ten days or the matter “shall be dismissed on the fourteenth (14) day following the date of this order without further order of the Court.” Appellants filed their Notice of Appeal on February 7, 2013.
Pursuant to Article V, section 4 of the Florida Constitution, district courts of appeal may hear appeals from non-final orders to the extent provided by rules adopted by the Florida Supreme Court. Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) permits an appeal of orders that “determine ... the entitlement of a party to arbitration....” Thus, the first issue to be addressed is whether the trial court’s order denying Appellants’ motion for relief is an order “determining entitlement of a party to arbitration.”
In an analogous case, the First District Court of Appeal concluded that where the trial court had previously entered an order compelling arbitration, a subsequent order denying a motion to dispense with arbitration was not appealable under rule 9.130. Henderson v. Tandem Health Care of Jacksonville, Inc., 898 So.2d 1191 (Fla. 1st DCA 2005). Our sister court reasoned that the determination of entitlement to arbitration was made in the trial court’s original order referring the parties to arbitration and was not required to be remade in a subsequent order denying a motion to dispense with arbitration. Id. at 1192. We agree -with that rationale. Additionally, we would observe that to hold otherwise would create the potential for multiple interlocutory appeals from motions denying relief from arbitration. Given the strong policy against piecemeal appeals, we believe that when a party is seeking interlocutory appellate review of an order compelling arbitration, it should raise all of its challenges to the order in a single appeal.
*1124 Appellants argue, in the alternative, that this court treat their notice of appeal as a petition for writ of certiorari and grant relief. We conclude that certio-rari relief is not available in the instant case. Certiorari is an extraordinary remedy that should not be used to circumvent the interlocutory appeal rule that authorizes appeals from only a few types of non-final orders. Citizens Prop. Ins. Corp. v. San Perdido Ass’n, Inc., 104 So.3d 344, 349 (Fla.2012). An appellate court may grant a petition for certiorari only where the petitioner demonstrates (1) a departure from the essential requirements of the law (2) resulting in material injury for the remainder of the case (3) that cannot be remedied on post-judgment appeal. Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004). The last two elements are jurisdictional. Williams v. Oken, 62 So.3d 1129, 1132 (Fla.2011). Here, Appellants have failed to demonstrate a material injury for which there is no adequate remedy on plenary appeal. The inconvenience and expense of litigation after an allegedly incorrect interlocutory ruling does not constitute the kind of material harm or irreparable injury from which certiorari review is available. Mariner Health Care v. Griffith, 898 So.2d 982, 984 (Fla. 5th DCA 2005); see also Zabawa v. Penna, 868 So.2d 1292-1293 (Fla. 5th DCA 2004) (no irreparable harm found where appellant claimed he would be required to expend time and money on unnecessary arbitration).
APPEAL DISMISSED.
SAWAYA and BERGER, JJ., concur.