IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

FINN LAW GROUP, P.A., FINN LAW GROUP, P.C.,
MICHAEL D. FINN AND PATRICK A. KENNEDY,

      Petitioners,

 v.                                                                    Case No.  5D16-1591

ORANGE LAKE COUNTRY CLUB, INC.,
WILSON RESORT FINANCE, LLC AND
GLOBALACCESS EXCHANGE, LLC,

      Respondents.

_____/

Opinion filed December 16, 2016

Petition for Certiorari Review
of Order from the Circuit Court
for Orange County,
Lisa T. Munyon, Judge.

J. Andrew Meyer, of LeavenLaw, St.
Petersburg, for Petitioners.

John H. Pelzer, Richard W. Epstein and
Sherine Marder, of Greenspoon Marder,
P.A., Fort Lauderdale, for Respondents.


PALMER, J.

      Finn Law Group, P.A., Finn Law Group, P.C., Michael D. Finn, and Patrick A.

Kennedy ("Petitioners") have filed a petition seeking a writ of certiorari.  Specifically, they

seek certiorari relief from an order entered by the trial court requiring them to respond to

discovery requests submitted in a lawsuit filed against them by Orange Lake Country Club, Inc., Wilson Resort Finance, LLC, and GlobalAccess Exchange, LLC ("Respondents"). Determining that, in ordering certain portions of such discovery, the trial court departed from the essential requirements of law resulting in material injury which cannot be remedied on direct appeal, we grant the petition, in part.

"An appellate court may grant a petition for certiorari only where the petitioner demonstrates (1) a departure from the essential requirements of the law (2) resulting in material injury for the remainder of the case (3) that cannot be remedied on post-judgment appeal." Cohen v. D.R. Horton, Inc., 121 So. 3d 1121, 1124 (Fla. 5th DCA 2013) (citing Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004)).

Here, Respondents sued Petitioners alleging that Petitioners tortiously interfered with the contractual arrangements between Respondents and certain of Petitioners' legal clients. Respondents also alleged that Petitioners violated the Florida Deceptive and Unfair Trade Practices Act and otherwise caused harm requiring injunctive relief. Essentially, Respondents' theory of the case was that Petitioners wrongly advised or encouraged their legal clients to breach their contracts with Respondents.

Respondents moved to compel Petitioners to produce ten different categories of documents pursuant to an earlier-served request to produce. Petitioners opposed that motion, arguing that each category was overbroad, harassing, not reasonably calculated to lead to admissible evidence, and protected by the work-product and the attorney-client privileges. The trial court ordered Petitioners to respond to Respondents' requests for certain categories of documents and directed that any documents withheld due to a claim of privilege be noted on a privilege log. This certiorari petition followed.

2

Petitioners challenge the trial court's order, asserting that each of the categories of documents are (1) overbroad, vague, or incapable of leading to admissible evidence, and (2) categorically barred by work-product or attorney-client privilege, or both. We agree, in part.

> Discovery of certain kinds of information "may reasonably cause material injury of an irreparable nature." Martin–Johnson[,Inc. v. Savage], 509 So. 2d at [1097],1100 [(Fla. 1987)]. This includes "cat out of the bag" material that could be used to injure another person or party outside the context of the litigation, and **material protected by privilege**, trade secrets, work product, or involving a confidential informant may cause such injury if disclosed. Id.

Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995) (citing Martin-Johnson, Inc. v. Savage, 509 So. 2d 1097 (Fla. 1987) (emphasis added)). Thus, the "entry of an order compelling the disclosure of communications protected by a legal privilege is a departure from the essential requirements of the law." Cruz-Govin v. Torres, 29 So. 3d 393, 395 (Fla. 3d DCA 2010).

We realize that the order under review does not expressly require the production of any privileged communications since the order permits Petitioners to file a privilege log as to any such documents. However, certain categories of documents clearly request documents that are privileged, either under the attorney-client or work-product privilege. Thus, the trial court's ruling requiring the production of a privilege log as to those categories constitutes a departure from the essential requirements of law resulting in material injury to Petitioners which cannot be remedied on direct appeal. See Shell Oil Co. v. Par Four P'ship, 638 So. 2d 1050 (Fla. 5th DCA 1994) (holding that, when communications appear on their face to be privileged, the party seeking disclosure bears the burden of proving that they are not); see also Coffey-Garcia v. S. Miami Hosp., Inc.,

3

194 So. 3d 533 (Fla. 3d DCA 2016) (explaining that in cases where communication appears to be protected by attorney-client privilege on its face, party seeking disclosure of the communication bears the burden of proving that it is not privileged).

Here, categories Five, Seven, Eight, and Ten seek documents which would typically be privileged under the attorney-client privilege and, accordingly, we grant the petition as to those categories without prejudice to Respondents filing more narrow requests aimed at non-privileged documents. Similarly, categories Three and Four seek documents which would typically be privileged under the work-product privilege and, accordingly, we grant the petition as to those categories without prejudice to Respondents filing more narrow requests aimed at non-privileged documents. See Nat'l Car Rental Sys., Inc. v. Kosakowski, 659 So. 2d 455 (Fla. 4th DCA 1995) (explaining that order compelling production of privileged work-product materials from litigant's file is type of discovery order properly reviewable by certiorari). However, categories Six and Nine do not seek documents which would typically be privileged and, accordingly, we deny the petition as to those categories.

PETITION GRANTED in part; and DENIED in part; Cause REMANDED.


BERGER and EDWARDS, JJ., concur.