PER CURIAM.
Progressive Select Insurance Company (Progressive) seeks certiorari review of the trial court's order denying a motion to dismiss based on nonjoinder. Finding that the trial court departed from the essential requirements of law, we grant the petition.
"An appellate court may grant a petition for certiorari only where the petitioner demonstrates (1) a departure from *224 the essential requirements of the law (2) resulting in material injury for the remainder of the case (3) that cannot be remedied on post-judgment appeal." Cohen v. D.R. Horton, Inc., 121 So.3d 1121, 1124 (Fla. 5th DCA 2013) (citing Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla. 2004) ). A material injury for which there is no adequate remedy on plenary appeal is otherwise termed irreparable harm and must be considered first because it is jurisdictional. See generally Citizens Prop. Ins. Corp. v. San Perdido Ass'n, 104 So.3d 344, 351 (Fla. 2012).
In 2014, Respondent, Jeanette Bigney, was injured when she was struck by a motor vehicle driven by Jason Thagard. Thereafter, Bigney filed suit against Thagard, Travelers Home and Marine Insurance Company (Travelers), and Thagard's insurer, Progressive. The complaint alleged six counts: (1) negligence against Thagard; (2) an underinsured motorist claim against Travelers; (3) civil conspiracy between Progressive and Travelers; (4) tortious interference with contract against Travelers; (5) breach of fiduciary duty to Bigney against Travelers; and (6) aiding and abetting Travelers in the breach of its fiduciary duty to Bigney against Progressive.
Relevant to this appeal are counts three and six. In count three, Bigney alleged that Progressive and Travelers "agreed between and amongst themselves, as a corporate scheme, plan and design, by and through their employees and agents, engaged in the unlawful practice of subrogating against their insureds settlement proceeds from their settlement with the at fault parties." In count six, she alleged that Travelers breached its duty of good faith and fair dealing by secretly seeking from Progressive recoupment of Med Pay benefits it provided under contract to assist in paying Bigney's medical bills. Bigney further alleged that Progressive substantially assisted and encouraged Travelers to breach Travelers' fiduciary duty to Bigney by knowingly paying Travelers $5000 owed to Bigney. Because Bigney was a stranger to the Progressive policy and because she had not obtained a verdict against Thagard, Progressive moved to dismiss both counts under the nonjoinder statute. See § 627.4136, Fla. Stat. (2017). The trial court denied the motion finding the counts were independent from the insurance contract.
Section 627.4136(1), provides:
It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
Stated differently, "[u]nder the nonjoinder statute, an injured third party may not file a direct action against a liability insurer for a cause of action covered by a liability insurance policy without first satisfying either one of two conditions precedent: (1) obtaining a settlement against the insured or (2) obtaining a verdict against the insured." Hazen v. Allstate Ins. Co., 952 So.2d 531, 534 (Fla. 2d DCA 2007). However, the nonjoinder statute does not bar a direct action against an insurer by a third party on an obligation that is independent of the insurance contract. Id. at 538 (citing Cresci v. The Yacht, "Billfisher," Official No.: 517-614, 874 F.2d 1550, 1551 (11th Cir. 1989) ).
It is undisputed that Bigney had not obtained a settlement or verdict against Thagard prior to filing suit against Progressive. Thus, the question we must answer is whether the counts of civil conspiracy and aiding and abetting the breach of fiduciary duties are independent from the *225 insurance contract. Inasmuch as both counts are explicitly based on "fiduciary duties," "legal obligations," "Med Pay benefits," and "liability limits" established in the insurance contract, we conclude they are not independent. Indeed, the insurance contract is the only reason Progressive has to deal with Bigney. See Hazen, 952 So.2d at 539 (explaining third party could not allege "legal ground upon which insurer could be deemed to have acted independently" because insurance contract was only reason insurer had to deal with third party (citing Howton v. State Farm Mut. Auto. Ins. Co., 507 So.2d 448 (Ala. 1987) ) ); McWhirter v. Fire Ins. Exch., Inc., 878 P.2d 1056, 1059 (Okla. 1994) ).
Because counts three and six are not independent of the insurance contract, they are premature until Bigney obtains a judgment or settlement against Thagard. Consequently, forcing Progressive to litigate those counts before they are ripe will result in irreparable harm.
PETITION GRANTED.
BERGER, WALLIS and LAMBERT, JJ., concur.